[No. 3,665.]

## TIMOTHY MAHON *v.* THE SAN RAFAEL TURN-PIKE ROAD COMPANY ET AL.

EJECTMENT TO RECOVER A TOLL-ROAD.—Ejectment lies to recover the possession of land occupied as a toll-road when the action is brought to recover the land itself and not the right of way over it.

WHAT AMOUNTS TO A DISSEIZIN.—If the owner of land used and occupied by another as a toll-road is excluded from the same unless he pays toll and then is allowed to use it only for the purpose of passing over it, the exclusion is a disseizin.

IMPLIED FINDINGS.—In an action tried before the codes went into effect, if the plaintiff recovered judgment and the defendant pleaded the Statute of Limitations, and there was no finding on that issue, a finding is im-

plied against the defendant, and if he moves for a new trial he must specify, in his statement, wherein he claims the evidence was insufficient to sustain this implied finding.

SUING A COMPANY BY A WRONG NAME.—If a company is sued by a wrong name, but answers by its true name, and judgment is rendered against it by its true name, the judgment is not void, and the Supreme Court, on appeal, in affirming the judgment, will direct the Court below to substitute the true name in the complaint.

APPEAL from the District Court, Seventh Judicial District, County of Marin.

In October, 1865, a corporation was organized to build a toll-turnpike, road from San Quentin, Marin County, to San Rafael, called the San Rafael Turnpike-road Company. They commenced the road about that time, and constructed it across a tract of swamp and overflowed land, near San Quentin. The company was organized under the laws of this State for the construction of toll-roads, and after the road was completed collected tolls from those who passed over it. In 1868, the plaintiff obtained two patents from the State of California for swamp and overflowed land over which the road passed. After he obtained the patents, the company required him to pay toll, and he did pay toll for the privilege of passing over the road. This action was commenced on the 7th day of November, 1870, to recover possession of the land used for the road, which was included in the plaintiff's patents. The complaint was in the usual form in ejectment. In the complaint, the corporation was called "The San Rafael and San Quentin Turnpike Road Company." The company answered by the name of the San Rafael Turnpike Road Company. On the trial, when the certificate of incorporation was introduced in evidence, it appeared that the true name of the corporation was "The San Rafael Turnpike Road Company." The defendant plead the Statute of Limitations, and also that the plaintiff had dedicated the land as a public highway. The action was dismissed as to all the defendants except the corporation. The trial was before the Court without a jury, and findings of fact were filed, but the Court did not find on the issue of the Statute of Limitations, or the issue as to the

dedication of the land for a road.   The plaintiff recovered judgment, which was rendered against the "San Rafael Turnpike Road Company."   The defendant appealed from the judgment, and from a motion denying a new trial.

The other facts are stated in the opinion.

*Sharp & Lloyd,* for the Appellant.

The action of ejectment, or an action to recover the possession of real property, will not lie to recover the possession of a public highway or turnpike road, where the defendants only use the same occasionally for the purpose of travel, or for collecting tolls from the traveling public.   In this case the appellants have no such possession of the land in controversy, as will enable the respondents to recover.   (*City of Cincinnati* v. *White*, 6 Pet. 431; *Silas* v. *Curtis*, 4 Day, 328; *Peck* v. *Smith*, 1 Conn. Rep. 103; *Wood* v. *Truckee T. Co.* 24 Cal. 474; *Tucker* v. *Tower*, 9 Pick. 108; 3 Kent, 532 8th Ed.; *Commonwealth* v. *Wilkinson*, 16 Pick. 176; *Frisbie* v. *McClernin*, 38 Cal. 571; *The City and County of San Francisco* v. *Calderwood*, 31 Cal. 585.)

The judgment is absolutely null and void as against the "San Rafael Turnpike Company," the Court having no jurisdiction to render the judgment.   The action was against the San Rafael and San Quentin Turnpike Road Company, and the record shows no service upon either of said companies, and no amendment of the complaint substituting the former for the latter.   (*King* v. *Randlett*, 33 Cal. 318; *Tamping* v. *Hyatt*, 27 Cal. 102; *Mayo* v. *Ah Loy*, 32 Cal. 477.)

*B. S. Brooks,* for the Respondent.

It is admitted that an action will not lie by the plaintiff to recover this land, if it is a public highway or lawful turnpike road.   That is the question of fact which the Court has decided against appellant.

None of the authorities cited tend to sustain the position that the judgment against the "San Rafael Turnpike Company" is void.   On the contrary, the case of *King* v. *Randlett*, is against him.   The Court there says: "Had the com-

pany appeared and pleaded the misnomer, or waived it by not pleading, the result might have been different." Here, the defendant appeared and answered by the name of "The San Rafael Turnpike Company," admitting that it was the defendant intended, and that it was as well known by the one name as the other. Judgment was, therefore, properly against them by that name. The three cases cited are of judgments by default, and the point decided is that judgment by default can only go against the defendant named in the complaint.

By the Court, McKinstry, J.:

The cases cited by appellant's counsel do not sustain his first point, that "an action of ejectment will not lie to recover the possession of a turnpike road, when the defendants only use the same for collecting tolls from the traveling public." Ejectment is maintainable only for corporeal hereditaments. (Tillinghast's Adams, page 19.) But this action was not brought to recover the right of way, but the possession of the lands, the plaintiff having shown the fee in himself by virtue of the patents introduced in evidence. The exclusion of the plaintiff from entering on the land, except on the payment of a toll, and then only for the purpose of passing over the same, was a *disseizin.*

As the action was tried and findings filed prior to the date when the Code of Civil Procedure took effect, there is an implied finding that the defendant did not have adverse possession five years prior to the commencement of the suit. The statement on motion for new trial contains no specification that the evidence was insufficient to sustain this implied finding, and the point cannot be first made in this Court.

The District Court (by implication) found that the plaintiff had not dedicated the land in controversy as a public highway. We think the evidence sustains this finding.

Judgment and order affirmed, and cause remanded, with direction to the District Court to amend the complaint, or cause the same to be amended (as of a date anterior to the judgment), by substituting "The San Rafael Turnpike Road" for "The San Rafael and San Quentin Turnpike Road," as a party defendant.