Argued February 1, affirmed February 20, 1917.

## CLUBINE *v.* CITY OF MERRILL.*

(163 Pac. 85.)

**Criminal Law—Certiorari—Appeal—Concurrent Remedies.**

1. While review and appeal are concurrent remedies, a party cannot exercise both at the same time; so when an appeal is pending a writ of review will not lie.

**Justices of the Peace—Judgment—Power to Vacate.**

2. While a Justice Court cannot set aside a judgment because it is erroneous, it may vacate its judgment if void.

**Justices of the Peace—Certiorari—Pending of Appeal—Effect.**

3. Where a judgment has been vacated, the case is in the same position as if no judgment had been rendered, and a writ of review will not lie.

From Klamath: GEORGE NOLAND, Judge.

Department 2. Statement by MR. CHIEF JUSTICE MCBRIDE.

The plaintiff, A. F. Clubine, was arrested and brought before the recorder of the City of Merrill upon a complaint which reads as follows:

———

*On exception to the rule that *certiorari* will not lie where there is an appeal pending, see note in 50 L. R. A. 787.     REPORTER.

"A. F. Clubine is accused by this complaint of the crime of selling intoxicating liquor on election day committed as follows: The said A. F. Clubine on the third day of November, 1914, in the City of Merrill and State of Oregon, did willfully and unlawfully sell and dispose of intoxicating liquor and open his saloon for the purpose of such sale on the third day of November, 1914, the same being the day on which an election for county officers was held in said city, which said opening of his saloon and sale of intoxicating liquor was contrary to the provisions of Ordinance 28 of the City of Merrill in such cases made and provided, and against the peace and dignity of the City of Merrill."

Thereafter the following entries appear in the journal of the Recorder's Court:

"In Recorder's Court for the City of Merrill, State of Oregon, and County of Klamath.

"City of Merrill v. A. F. Clubine.

"Criminal.

"Opening Saloon for the Purpose of Selling Intoxicating Liquor on Election Day.

"November 16, 1914, T. M. Durham, city marshal, appeared before me and made complaint charging A. F. Clubine with having opened his saloon and disposed of intoxicating liquor on the third day of November, 1914, the same being the day on which an election for public officers of the State of Oregon was held in said City of Merrill. Said opening being contrary to the provisions of Ordinance 28 of the City of Merrill. A warrant of arrest was issued and the said A. F. Clubine was arrested and brought into court November 23, 1914. Upon the reading of the complaint the defendant entered his plea of not guilty. The defendant being in open court acknowledged that he did on the third day of November, 1914, at the hour of 8:35 o'clock P. M. open his saloon for the purpose of selling intoxicating liquor. The defendant desiring time to consult an attorney, the court ad-

journed and time of hearing was set for December 2d at 4 o'clock P. M.

"December 2d, 4 P. M. ' To allow defendant's attorney further time court adjourned to 5 o'clock to-day.

"December 2d, 5 P. M.   Court adjourned to 9 o'clock A. M. December 3, 1914.

"December 3d, 9 A. M.   Comes now the defendant in person and by his attorney, F. H. Mills, and moves the court to strike from the record all those statements of the defendant as inserted in the record after the plea of not guilty, and for the reason that the same are irrelevant and immaterial under Section 2130 of Lord's Oregon Laws.   The defendant by his plea of not guilty did deny the sale or disposition of intoxicating liquor during any election day.   And the defendant hereby demurs to the criminal complaint now pending and for the reasons as fully appear from such demurrer now on file.   The motion to strike out such statements of the defendant is hereby denied."

The defendant by his counsel demurred to the complaint, alleging lack of jurisdiction in the Recorder's Court to try him, and specified nine different reasons why said ordinance was void, which demurrer was overruled.   The defendant then demanded a trial, which the court refused to grant, evidently upon the theory that his admissions made when his plea of not guilty was entered constituted sufficient evidence of his guilt, and found the defendant guilty of a violation of Ordinance No. 28; sentencing him to pay a fine of $250, or be imprisoned in the city jail for 125 days.   This occurred on December 3, 1914.   On the same day the petitioner gave notice of an appeal to the Circuit Court and filed his undertaking on appeal. On the sixteenth day of December, 1914, the city recorder of his own motion set aside the judgment of conviction and ordered the defendant to appear before him for trial on January 15, 1915.   On December 31st

the petitioner sued out this writ, which upon the hearing was dismissed, and defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. F. H. Mills.*

For respondent there was a brief and an oral argument by *Mr. J. C. Rutenic.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1, 2. There is nothing in the record here to indicate that the appeal which petitioner initiated in the criminal proceeding was ever perfected. If it were, he could not review the proceeding while the appeal was pending. While review and appeal are concurrent remedies, a party cannot exercise both at the same time: *Forbis* v. *Inman,* 23 Or. 68 (31 Pac. 204); *Feller* v. *Feller,* 40 Or. 73 (66 Pac. 468); *McAnish* v. *Grant,* 44 Or. 57 (74 Pac. 396). If the appeal were pending, review would not lie. If no appeal were pending, the court had a right to vacate its judgment if void; the rule being that while a Justice's Court cannot set aside a judgment because it is erroneous, it may vacate a void judgment and proceed as though no such apparent judgment had ever been entered: *Chapman* v. *Floyd,* 68 Ga. 455; *Gates* v. *Lane,* 49 Cal. 269.

3. Viewing the case in this light it is unnecessary to consider the other matters discussed in the briefs. As the case stands this proceeding is an attempt to review a judgment which had been already vacated by the court which pronounced it and the case is in the same position as though no judgment had been rendered. Whether the delay of the court in bringing the defendant to trial operated as a discontinu-

ance of the case is not before us, and as the alleged offense is one which the present prohibitive law renders impossible of recurrence, it is hardly probable that the authorities of the city will attempt at this late date to continue the prosecution.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

MR. JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE McCAMANT concur.