Argued June 1, reversed June 29, on petition for rehearing former opinion set aside and lower court affirmed, October 19, 1920.

## HOCHFELD *v.* PORTLAND.

(190 Pac. 725; 192 Pac. 911.)

### ON PETITION FOR REHEARING.

**Municipal Corporations—Proceedings for Reassessment Held Instituted Within Ten Years.**

1. Proceedings for reassessment instituted December 23, 1914, ordinance declaring the reassessment being passed March 31, 1915, were instituted within the ten years of limitation from August 15, 1906, when resolution of intention for making the original improvement was passed, and the proceedings started prescribed by Charter of City of Portland, Section 400.

**Certiorari—Writ Allowed Where Court Officer or Tribunal Has Erred or Exceeded Jurisdiction.**

2. Under Section 605, L. O. L., a writ of review is allowed where an inferior court officer or tribunal has exercised judicial

functions erroneously, or has exceeded his or its jurisdiction to the injury of some substantial right of plaintiff and not otherwise.

**Municipal Corporations—Proceedings Required Prior to Original Assessment not Required Again on Reassessment.**

3. Under Charter of City of Portland, Section 400, in its provision for reassessment for an improvement, particularly in view of Section 401, if the city council does not attempt a different plan of apportionment of benefits, the former proceedings required to be taken prior to the original assessment are not required to be taken again within the intent of the section, though the council is authorized to take such proceedings when necessary to correct former errors.

From Multnomah: ROBERT TUCKER, Judge.

In Banc.

Proceeding by S. Hochfeld and others for a writ of review directed to the City of Portland and another. The writ was dismissed and plaintiffs appeal.

REVERSED.

For appellants there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

For respondents there was a brief over the names of *Mr. Walter P. La Roche,* City Attorney, and *Mr. Lyman E. Latourette,* Deputy City Attorney, with an oral argument by *Mr. Latourette.*

BEAN, J.—This is a writ of review proceeding relative to a reassessment made by Ordinance No. 30,289 of the City of Portland, for the cost of improvement of East Oak Street, from Union Avenue to a point sixty-five feet east of the east line of East Sixth Street, in the City of Portland. The lower court found the reassessment proceedings regular and dismissed the writ. Plaintiff appeals.

This case is similar to the case of *Brown* v. *Portland, post,* p. 600 (190 Pac. 722), and the case of *Cook et al.* v. *Portland, post,* p. 000 (190 Pac. 726), in both

of which cases an opinion has this day been rendered. The case is governed by the principles announced in *Brown · v. Portland.*

The judgment of the lower court is accordingly reversed, and the writ of review is sustained, and the reassessment made by Ordinance No. 30,289 is set aside.                     REVERSED.

---

Former opinion set aside and lower court affirmed October 19, 1920.

PETITION FOR REHEARING.

(192 Pac. 911.)

On petition for rehearing. Former opinion reversed and set aside, and judgment of the trial court dismissing writ of review affirmed.    AFFIRMED.

*Mr. Walter P. La Roche,* City Attorney, and *Mr. Lyman E. Latourette,* Deputy City Attorney, for the petition.

*Mr. Ralph R. Duniway, contra.*

In Banc. ·

BEAN. J. — The original briefs in this case merely referred to the briefs in the cases of *Brown* v. *Portland,* the opinion to be found *post,* p. 600 (190 Pac. 722), and *Cook* v. *Portland, post,* p. 000 (190 Pac. 726). These cases were decided upon the question of the statute of limitations, and a like opinion was rendered in this case. In a petition for a rehearing in the present case of *Hochfeld* v. *Portland,* the former opinion being reported *ante,* p. 572 (190 Pac. 725, 192 Pac. 911), our attention is for the first time directed to

the fact that ten years had not elapsed since the passage of the resolution of intention for the making ·of the original work for which the reassessment was declared.

1. Plaintiffs' petition for a writ of review showed the resolution of intention for making the original improvement was passed and the proceedings for the assessment started August 15, 1906. Proceedings for the reassessment in question were instituted by the passage of Resolution No. 8385, on December 23, 1914, and Ordinance No. 30,289 declaring the reassessment was passed March 30, 1915. Therefore the proceedings for the reassessment involved herein were instituted within the ten years of limitation prescribed by Section 400 of the Charter of the City of Portland.

The former opinion rendered herein, *ante,* p. 572 (190 Pac. 725, 192 Pac. 911), will therefore be reversed and set aside.

This brings up the other question raised for determination. A former reassessment was set aside and held irregular in part in the case of *Hochfeld* v. *City of Portland*, 72 Or. 190 (142 Pac. 824). Thereafter the city council proceeded to make another reassessment, and adopted Resolution No. 8385, directing the city auditor to give notice of the preliminary assessment on file in his office, and fixing the date when the council would hear objections to the same and directing notice thereof. After hearing and disposing of objections of property owners affected, which had been theretofore filed and also those filed after notice was given, the council passed Ordinance No. 30,289 declaring the reassessment. Plaintiffs petitioned for, and obtained, a writ of review to have the reassessment annulled. It is alleged in the peti-

tion for the writ that the auditor "did not, on the passage of said Resolution No. 8385, prepare a preliminary reassessment or give notice" thereof as provided by the city charter. The notice was in part as follows:

"Notice of Preliminary Reassessment for the Improvement of East Oak Street.

"Notice is hereby given that there is on file in the office of the undersigned a preliminary assessment, being a preliminary reassessment for the improvement of East Oak Street from the east line of Union Avenue to 65 feet east of the east line of East Sixth Street; that the date of the passage of the resolution directing the making of the same is August 25, 1909; that the time when the council will hear and consider objections to said assessment by parties aggrieved thereby is 2:30 o'clock P. M. on the twenty-eighth day of January, 1915, and such persons are warned not to depart until such reassessment has been completed."

2. The specifications of error in the petition are very general. If we look to the objections made to the council for a construction of this objection, we must find the complaint is that a new preliminary assessment was not prepared by the city auditor, but that the former preliminary or proposed assessment was referred to and used without copying it. It is difficult to conjecture how the plaintiffs were injured in any way on this account. A writ of review is allowed where an inferior court officer or tribunal has exercised judicial functions erroneously, or has exceeded its or his jurisdiction, to the injury of some substantial right of the plaintiff and not otherwise: Section 605, L. O. L. This matter may be considered in connection with another alleged error.

It is alleged that—

The "City of Portland had no jurisdiction or power to pass Ordinance No. 30,289, on March 31, 1915, and that Resolution No. 8385 is not such a resolution as the council has power to adopt, and is not in conformity with the charter and did not authorize the council to take any proceedings for a reassessment or to pass Ordinance No. 30,289. This objection is made for the reason that the council did not pass a new resolution declaring the district benefited by the improvement for which the reassessment was made, or take all of the proceedings theretofore taken for the assessment."

It is contended on behalf of plaintiffs that Section 400 of the city charter was not complied with. It must be remembered that the proposed assessment had been prepared by the city auditor, and the council had therefore by resolution declared the district that would be benefited by the improvement for which the reassessment was made. These matters were all of record, and the substance would not have been changed by copying the proposed assessment or readopting the resolution. How the plaintiffs were prejudiced by the proceeding is not shown or suggested.

3. However, let us see whether the provisions of the charter for making a reassessment were complied with. Section 400 of that instrument providing for a reassessment partially directs:

"Such re-assessment shall be made in an equitable manner, as nearly as may be in accordance with the law in force at the time it is made. But the Council may adopt a different plan of apportionment of benefits when in its judgment essential to secure an equitable assessment. The proceedings required by this Charter to be had prior to the making of the original assessment shall not be required to be taken or had within the intent of this section. Such re-assessment shall be made and shall become a charge

97 Or.—37

upon the property upon which the same is laid, notwithstanding the omission, failure or neglect of any officer, body or person to comply with the provisions of this Charter connected with or relating to such improvement and assessment and notwithstanding the proceedings of the Council, Executive Board, Board of Public Works, or any officer, contractor or other person connected with such work may have been irregular or defective, whether such irregularity be jurisdictional or otherwise.''

It is plain that, if the council does not adopt a different plan of apportionment of benefits, the former proceedings required to be taken, prior to the original assessment, are not required to be taken again within the intent of this section, although the council is authorized to take such proceedings when necessary to correct former errors. This construction is also indicated by the language used, in Section 401 of the charter referring to a reassessment as an ''amendment.'' This is in consonance with the opinion upon the former appeal, *Hochfeld* v. *Portland,* 72 Or. 190, 201 (142 Pac. 824), directing the defendant to give the notice required by its charter for hearing the objections made by plaintiffs and determining them. That command has been carried out by defendant city. We find no error in the proceedings in question prejudicial to the' rights of plaintiffs.

The judgment of the lower court dismissing the writ of review is therefore affirmed.

AFFIRMED.    FORMER OPINION SET ASIDE.

Mr. Justice BROWN not sitting.