Argued December 13, 1929; affirmed March 4, 1930

KAMM. *v.* CITY OF PORTLAND ET AL.

(285 P. 240)

*Edgar Freed* of Portland (Simon, Gearin, Humphreys & Freed of Portland on the brief) for appellant.

*Frank S. Grant,* City Attorney, and *L. E. Latourette,* Deputy City Attorney, both of Portland, for respondents.

RAND, J. This appeal is from an order of the circuit court for Multnomah county quashing a writ of review previously issued out of that court to review the determination by the council of the city of Portland, made in conformity with its charter, to extend certain streets upon and over certain real property belonging to the plaintiff in the writ. From the action taken by the council in respect thereto, plaintiff not only appealed but also at the same time sued out the writ and, prior to the quashing of the writ, both were pending at the same time in said court. Upon the

appeal the questions which plaintiff sought to have determined under the writ were tried and determined in the circuit court and, from the decision upon that appeal, plaintiff appealed to this court where the judgment of the circuit court was affirmed. See *City of Portland v. Kamm,* this day decided. At the same time this appeal was taken from the order quashing the writ.

Before considering plaintiff's right to invoke the two remedies of an appeal and of a review which, under the statute, are concurrent remedies, we deem it proper to say that plaintiff's purpose was to present the question of whether her premises consisted of three separate and distinct tracts, entitling her to have the damages upon each tract separately determined, or whether it consisted of but one tract, and to present the question so that, if it could not be determined upon the appeal, it could be determined upon a review, or vice versa. Her contention was that her property consisted of three tracts and that the council, in treating it as one tract, rendered the proceedings before the council void because depriving her of her property without due process of law. That question has now been passed upon and determined upon the appeal.

■ The statutes governing appeals in cases where land is sought to be appropriated for the establishment of a county road and where land is sought to be appropriated for the establishment of a city street are entirely dissimilar. Under section 3714, Or. L., as amended by chapter 294, Laws 1925, any owner or other person having an interest in or lien upon property intended to be appropriated or assessed for street purposes under proceedings taken by the council or other municipal officers is given a right to appeal to the cir-

cuit court "from the final judgment or ordinance of such council or other authorities fixing the amount to be paid for or assessed against the property as to which an appeal is taken. The notice of appeal shall describe the property affected thereby and state the grounds of the appeal. These grounds of the appeal shall constitute the issues to be determined thereon." The same right to appeal in such case is conferred by the charter: Portland Charter, 1926, Rev., § 325. From these provisions of the statute, it will be seen that there is no restriction with reference to the scope of the appeal. The right of appeal is given in general terms and is left unrestricted except that the notice of appeal must set out the grounds of appeal and describe the property affected. There is no limit provided concerning the grounds that may be assigned in the notice of appeal. The property owners may assign whatever grounds they may deem proper. The statute further provides that whatever grounds are assigned shall constitute the issues to be determined. This statute giving the right of appeal is a remedial statute and should be liberally construed so as to afford a complete remedy by appeal, which is the very object and purpose of the statute. The particular ground mentioned and referred to in the writ was one of the grounds upon which plaintiff appealed and the question thus presented was passed upon and determined upon the appeal. The reason, therefore, for the issuance of the writ has been accomplished so far as the particular question is concerned upon the appeal. Our statute, section 605, provides that:

"The writ shall be concurrent with the right of appeal, and shall be allowed in all cases where the inferior court, officer, or tribunal in the exercise of judicial functions appears to have exercised such func-

tions erroneously, or to have exceeded its or his juris-diction, to the injury of some substantial right of the plaintiff, and not otherwise.''

■ Under this statute a writ of review can only be allowed where some inferior court, officer or tribunal has exercised or has appeared to exercise some judicial function erroneously, or has exceeded its or his juris-diction to the injury of some substantial right of the plaintiff. Upon an appeal from the determination of the council in laying out a city street over private prop-erty, the question of whether any of the functions exer-cised by the council were judicial or quasi-judicial, or purely administrative or legislative, and whether, if judicial or quasi-judicial, they were exercised errone-ously or in excees of the council's jurisdiction, if assigned as grounds for appeal, are proper questions to be passed upon upon the appeal, and whether, in the exercise of such functions, any substantial right of the owner has been disregarded or any substantial injury sustained by the owner are all questions proper to be determined upon the appeal and, hence, since those questions could all be determined upon the appeal and the appeal having been perfected and the court being called upon to pass upon them, the quashing of the writ was proper.

■ There is another ground upon which the quash-ing of the writ must be sustained. While the statute to which we have referred provides that the writ shall be concurrent with the right of appeal, that statute has been held to mean that an appeal and review cannot both be taken at the same time. Whether that was the proper construction to be given to the statute is no

longer an open question. In *Cooper v. Bogue*, 92 Or. 122 (179 P. 658), this court, speaking through Mr. Justice Benson, said:

"* * * Can a party prosecute an appeal from a judgment while a writ of review to the same court is still pending? This question has been definitely answered in the negative by this court, in the case of *Clubine v. City of Merrill*, 83 Or. 87 (163 P. 85). The two remedies are concurrent but they cannot be exercised at the same time."

On rehearing (92 Or. 122, 180 P. 103), speaking through Mr. Justice Burnett, the court said:

"What we undertook to decide and did decide was that under the statute, section 605, L. O. L., the writ of review and the remedy by appeal are concurrent, so that if a litigant is dissatisfied with the result of a case in an inferior court he may choose either of the two remedies as he may be advised, but having made his election it amounts to a waiver of the other proceeding."

Again, in *Beebe v. City of St. Helens*, 124 Or. 638 (264 P. 845), Mr. Justice Belt, speaking for the court, said:

"* * * It is well settled in this jurisdiction that, while appeal and writ of review are concurrent remedies, they cannot be prosecuted at the same time."

In the *Clubine* case, supra, the court, speaking through Mr. Chief Justice McBride, said:

"* * * While review and appeal are concurrent remedies, a party cannot exercise both at the same time: (citing authorities). If the appeal were pending, review would not lie."

It is true that in the case of *Fanning v. Gilliland*, 37 Or. 369 (61 P. 636, 62 P. 209, 82 Am. St. Rep. 758), there were both an appeal and a writ of review, and a motion to dismiss the appeal because the appellant was

at the time prosecuting his remedy by writ of review was denied. The decision in that case was by Mr. Chief Justice WOLVERTON. That decision was very much weakened by what was said by the same distinguished jurist in *Feller v. Feller,* 40 Or. 73 (66 P. 468), where he questioned the right of a party to prosecute both remedies at the same time. Hence, we hold that the quashing of the writ was proper, both upon the ground that there was an appeal pending at the same time and also upon the ground that, by reason of the appeal and plaintiff's rights thereunder, she had a plain, complete and adequate remedy which precluded her from maintaining the writ. See *Oregon City v. Clackamas County,* 118 Or. 546 (247 P. 772).

The order appealed from is, therefore, affirmed.

COSHOW, C. J., and ROSSMAN, J., concur.