Argued July 13, affirmed September 14, petition for rehearing
denied November 9, 1960

# WAMPLER *v.* DEPARTMENT OF STATE POLICE ET AL

355 P. 2d 238

*Robert M. Mulvey,* Oregon City, argued the cause for appellant. With him on the brief was Harry R. Harris, Oregon City.

*Louis S. Bonney,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before WARNER, Presiding Justice, and O'CONNELL, GOODWIN and MILLARD, Justices.

WARNER, J.

The appellant-petitioner was a private in the state police. In October, 1958, he was removed from his post by the action of a trial board of the Department of State Police constituted under the provisions of ORS 181.290 to 181.340. Subsequently, he filed a

petition for judicial review in the Clackamas County Circuit Court. The defendants filed a motion to quash upon the grounds that the court lacked jurisdiction. The petitioner appeals from the order dismissing his petition for a review.

The issue is framed by two statutory provisions. The first is extracted from ORS ch 181, a general act governing the organization and procedures of the Oregon State Police Department. This chapter contains a definite procedure for the removal of officers and privates. It subjects the decisions of the trial board to review by the circuit court of the county in which the hearing was held. In this case that would be Marion County.

> "The decisions of the trial board shall be subject to review by the circuit court of the county in which the hearing was held. The procedure for review shall be as provided in ORS 34.010 to 34.100." ORS 181.350 (Oregon Laws 1941, ch 274, § 3).

The second provision is extracted from the Oregon Administrative Procedure Act (Oregon Laws 1957, ch 717, pp 1292-99). The review procedure established by this act would, if applicable, permit the petition for review to be brought in the circuit court for the county in which the petitioner resides or has his principal business office, as well as in Marion County. It provides:

> "(1) Except as otherwise provided specifically by statute, any party to an agency proceeding aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, is entitled to judicial review thereof under ORS 183.310 to 183.510. Judicial review of decisions in contested cases by parties shall be solely as provided by ORS 183.310 to 183.510.

"(2) Jurisdiction for judicial review is conferred upon the Circuit Court for Marion County and upon the circuit court for the county in which the petitioner resides or has his principal business office. * * *" ORS 183.480 (Oregon Laws 1957, ch 717, § 12).

■ If the provisions of ORS 181.350 are applicable the petitioner has brought his suit for review in the wrong county. If the provisions of ORS 183.480 are applicable, the court below erroneously dismissed this petition since the petitioner resides in Clackamas County. The petitioner, of course, relies upon ORS 183.480 in support of his position. He argues that because the Administrative Procedure Act was enacted after ORS 181.350, there was an implied repeal of the earlier and more restrictive review provision. We find it unnecessary to consider this argument. Moreover, repeals by implication are not favored by the law. See, also, *State v. Sturgess,* 10 Or 58, 62.

The petitioner places considerable reliance upon the general language of the definitions of "agency" and of "contested case" which are found at the beginning of the Administrative Procedure Act. ORS 183.310. Whatever merit there may be in this contention, we find it unnecessary to examine whether or not the state police fall within the ambit of the Act. In so far as action of the trial board may be brought within the purview of the Act by these definitions, the case is removed from the review procedure by the Act by a specific exclusion.

The problem can be easily resolved if we examine the first sentence of ORS 183.480 (1). This sentence is prefaced by the following exclusionary phrase: "Except as otherwise provided specifically by statute * * *." The procedure for the review of a decision

of the police trial board is otherwise specifically provided by a statute; that is, by ORS 181.350, supra. If this exception made by ORS 183.480, supra, is to be given any effect, it demands that we must look to the statutes to determine if there is any specific provision for review and if such a provision is found we must then exempt that method of review from the operation of ORS 183.480.

■ We are not unmindful of the language in the last sentence of ORS 183.480 (1). It reads: "Judicial review of decisions in contested cases by parties shall be solely as provided by ORS 183.310 to 183.510." Admittedly, this section could have been more artfully drawn. On the surface this last sentence appears to contradict the sentence which precedes it. However, inconsistencies are not favored in the law and our statutes require us to adopt an interpretation which gives meaning to every provision of the statute if such is possible. ORS 174.010. *State Highway Commission v. Rawson,* 210 Or 593, 611, 312 P2d 849 (1957); *Anthony v. Veatch,* 189 Or 462, 502, 220 P2d 493, 221 P2d 575 (1950); *City of Portland v. Duntley,* 185 Or 365, 380, 203 P2d 640 (1949).

■ Applying these rules we find there is a construction of ORS 183.480 (1) which gives both sentences a logical and rational meaning. Prior to the enactment of the Administrative Procedure Act there existed a variety of state agencies and of hearing procedures. It is likely that the legislature desired to provide for two possible situations: agencies such as the state police which had a distinct method of review and agencies which might operate under provisions for hearings but lack any definite provisions for review. The exception contained in the first sentence preserved the existing review procedures. The statement in the

last sentence operated upon what remained and limited review procedures in other cases to that expressed in the Administrative Procedure Act.

█ In the light of this analysis we must conclude that the petitioner employed the wrong review procedure and brought his petition in the wrong forum. The court below was without jurisdiction to hear the petition. Accordingly, the judgment dismissing the petition is affirmed. Costs to neither party.

O'CONNELL, J., dissenting.

I dissent. The Oregon administrative procedure act, ORS chapter 183, is applicable to all administrative agencies in Oregon except those expressly excepted in ORS 183.310 (1).[1] The latter section does not except the Department of State Police from the act and, therefore, it is subject to the act.

ORS 183.480 provides, in part, that "Judicial review of decisions in contested cases by parties shall be solely as provided by ORS 183.310 to 183.510," the latter sections embracing all of the administrative procedure act as it was presented to the legislature in 1957. The first sentence of ORS 183.480 provides that a party aggrieved by the action of an administrative agency is entitled to judicial review under the administrative procedure act "except as otherwise specifically provided by statute * * *." The majority opinion interprets this clause as applicable in the case at bar because ORS 181.350 provides that the decisions of the trial board of the Department of

---

[1] (1) "Agency" means any state board, commission, department, or division thereof, or officer authorized by law to make rules or to adjudicate contested cases, except those in the legislative and judicial branches, and except the State Board of Parole and Probation, the Public Utility Commissioner, and the State Tax Commission, the Civil Service Commission, Department of Finance and Administration, Department of Motor Vehicles, and the State Industrial Accident Commission.

State Police shall be subject to review. That section reads as follows:

> *181.350 Procedure for review of decision of trial board.* The decisions of the trial board shall be subject to review by the circuit court of the county in which the hearing was held. The procedure for review shall be as provided in ORS 34.010 to 34.100."

The majority opinion treats ORS 181.350 as a specific provision for review and that, therefore, it falls within the exception stated in ORS 183.480. If this interpretation is accepted, the purpose of the administrative procedure act which was intended to provide a uniform procedure for the various state agencies will, in large measure, be defeated. At the time of the enactment of the administrative procedure act there were numerous and differing statutes relating to specific agencies which provided for administrative procedure, including procedure for judicial review. The 1957 Oregon administrative procedure act did not contain a specific repealer for each of the superseded statutes, but instead simply provided for the repeal of all acts inconsistent with the 1957 act.[⊙] Many of these superseded sections are still compiled in ORS.

The effect of ORS 183.510 was to repeal all of the existing statutes providing for judicial review of decisions of those state agencies covered by the act. The clause "except as otherwise provided by statute" was intended to permit an exception only where the statute providing for review expressly excluded the

---

[⊙] The general repealer section of the act, (ORS 183.510) reads as follows:

> *183.510 ORS 183.310 to 183.510 to supersede conflicting Acts.* All Acts or parts of Acts which are inconsistent with the provisions of ORS 183.310 to 183.510 are hereby repealed, but such repeal shall not affect pending proceedings. No later Act shall be deemed to supersede ORS 183.310 to 183.510, whether by implication or otherwise, unless such Act specifically provides that its provisions shall supersede."

operative effect of the review procedure of the administrative procedure act. This interpretation comports with the provision in ORS 183.510 which states that "No later Act shall be deemed to supersede [the administrative procedure act], whether by implication or otherwise, unless such Act specifically provides that its provisions shall supersede."

It will be noted that ORS 181.350 does not purport to deal specifically with the details of the procedure for judicial review. Except for the provision that review shall be by the circuit court of the county in which the administrative hearing was held, the review procedure is stated to be that which is found in the sections providing for appeal by writ of review. ORS 34.010 to 34.100. Since appeal by writ of review set out in ORS 34.010 et seq. is substantially the common law writ of certiorari applicable to a great variety of proceedings, it cannot be said that the procedure for review provided for in ORS 181.350 was designed to fit review requirements peculiar to the Department of State Police. This *general* provision for review should be regarded as superseded by the *specific* review provisions found in chapter 183.

ORS 181.350 should, therefore, be regarded as repealed as a result of the general repealer section, ORS 183.510.

The judgment should be reversed.