334

Argued October 11, affirmed October 19, 1960

STATE ex rel JENSEN v. STANDRIDGE

355 P. 2d 1114

*H. William Barlow*, Special Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

*Joel B. Reeder*, Medford, argued the cause for respondent. On the brief were Jones and Reeder, Medford.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

WARNER, J.

In this suit the plaintiff, Jensen, as Real Estate Commissioner for the State of Oregon, seeks to enjoin Standridge, the defendant-respondent, from acting as a real estate broker. From a judgment on the pleadings in favor of defendant, the Commissioner appeals.

The sole question presented for review is whether the provisions of ORS ch 183, the Administrative Procedure Act, and more specifically, ORS 183.410 to 183.510, have repealed ORS 696.360.

The section last mentioned is a part of ORS ch 696, providing for the licensing of real estate brokers and salesmen through the office of the State Real Estate Commissioner and the manner in which licenses may be revoked. ORS 696.360 (Oregon Laws 1939, ch 380, § 14, as amended by Oregon Laws 1947, ch 429, § 7) confers a right of appeal upon a disappointed licensee "to the circuit court in the county in which the hearing was held" and details the manner and time in which the appeal shall be perfected.

On November 17, 1958, Standridge's real estate broker's license to operate was revoked by the Commissioner. It was Standridge's continued operation as a broker, notwithstanding the Commissioner's order of revocation, that prompted the instant suit. The answer to the complaint reveals that following the appellate procedure directed by ORS 696.360, supra, Standridge gave timely notice of appeal and furnished the required bond which thereby imposed upon the

Commissioner the duty to transmit to the clerk of the Circuit Court of Marion County, within 10 days thereafter, "a transcript of the entire proceedings in the Commissioner's office from which the appeal [was] taken." This the Commissioner refused to do, being of the opinion that ORS 696.360 had been repealed by the Administrative Procedure Act (ORS 183.410 to 183.510).

The identical question was before us in *Wampler v. Dept. of State Police,* 224 Or 439, 355 P2d 238 (decided September 14, 1960). We there held that the appellate procedures previously provided by ORS ch 181, relating to the Oregon State Police, were excepted from the operation of the Administrative Procedure Act by ORS 183.480(1). For the same reason, we find that ORS 696.360 was the only and proper appellate procedure available to Mr. Standridge. The decree is, therefore, affirmed.

O'CONNELL, J., dissenting.

For the reasons stated in my dissenting opinion in *Wampler v. Dept. of State Police,* 224 Or 439, 355 P2d 238, 241 (1960), I dissent.