Argued May 24, affirmed July 16, 1973

SCHOOL DISTRICT No. 48 ET AL, *Appellants, v.*
FAIR DISMISSAL APPEALS BOARD ET AL
(Court of Appeals No. 2212), *Respondents.*
512 P2d 799

*Martin B. Vidgoff,* Portland, argued the cause for appellants. With him on the brief were Miller, Anderson, Nash, Yerke & Wiener, and Mark C. McClanahan, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents Fair Dismissal Appeals Board, Joe B. Richards, Robert Busch and Bruce Stewart. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Nicholas D. Zafiratos,* Astoria, argued the cause and filed the brief for respondent Peter Paul.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

Plaintiff School District No. 48, following an order of defendant Fair Dismissal Appeals Board reversing its dismissal of a teacher, Peter Paul, filed a petition in the circuit court for Marion County seeking a writ of review of the Fair Dismissal Appeals Board order. The Fair Dismissal Appeals Board moved to quash the petition for writ of review on the ground, *inter alia,* that the exclusive means of judicial review of the challenged order is by direct appeal to this court pursuant to the Administrative Procedures Act. ORS ch 183. The court allowed the motion and quashed the writ. Plaintiff appeals.[1]

The present Fair Dismissal Law, ORS 342.805

---

[1] The School District Board also filed a petition for direct review in this court pursuant to ORS 183.480. This matter is now pending in this court.

to 342.955, was largely rewritten and the Fair Dismissal Appeals Board was first provided in Oregon Laws 1971, ch 570, p 1013. Prior to the 1971 session the law was known as the Teacher Tenure Law, former ORS 342.805 to 342.955. ORS 342.905 now provides an appeal procedure to the Fair Dismissal Appeals Board for a dismissed teacher such as defendant. The last subsection, subsection (8), states:

"Nothing in ORS 342.200 and 342.805 to 342.955 precludes a permanent teacher or a district school board from obtaining a writ of review as provided in ORS 34.010 to 34.100 after a hearing pursuant to this section for the purpose of reviewing the findings and order, if any, of the Fair Dismissal Appeals Board." ORS 342.905 (8).[2]

ORS 183.480 on the other hand also provides for judicial review of contested cases under the Administrative Procedures Act. The 1971 legislature by Oregon Laws 1971, ch 734, p 1773, also substantially rewrote the Administrative Procedures Act (ORS 183.310 through 183.500). That statute, *inter alia,* states:

"(1) (b) Judicial review of final orders of agencies shall be solely as provided by ORS 183.480 to 183.500.

"(2) Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals * * *." ORS 183.480.

---

[2] We note that Sec 6 of H.B. 2132, 1973 Legislative Assembly, amends subsection (8) of ORS 342.905 by striking it in its entirety and in lieu thereof adopts a new subsection (8) which reads as follows:

"(8) An appeal from action of the Fair Dismissal Appeals Board shall be taken in the manner provided in ORS 183.480."

This bill was passed by both houses and was approved by the Governor on July 20, 1973. It contains in Sec 10 thereof an emergency clause.

It is conceded that this case is a contested case within the meaning of the statute. ORS 183.310 (2) (a).

In *Berry Transport, Inc. v. Heltzel*, 202 Or 161, 165, 272 P2d 965 (1954), the Supreme Court stated:

> "In the construction of statutes, when construction is necessary or proper, the primary and governing rule to be followed and the one that is law and binding upon the court is to ascertain and declare the legislative intent. All other rules of statutory construction are secondary in importance and are simply guides to aid in the application of the primary rule * * *."

See also, *McAlmond v. Myers, Corbett*, 262 Or 521, 500 P2d 457 (1972).

Since ORS 342.905 (8) and ORS 183.480 appear to be in conflict, their history requires consideration. Examination of the testimony before the 1971 legislature is helpful. Attorney General Lee Johnson, whose office in conjunction with the Oregon State Bar drafted the amendments to the Administrative Procedures Act, including ORS 183.480, stated at the Senate Judiciary Committee meeting on May 14, 1971, that the drafters' underlying purpose was to provide a simple uniform procedure. An assistant attorney general stated to the House Committee on the Judiciary on April 1, 1971, that "* * * As a general principle on this bill, if the Oregon Constitution or the agency law requires a hearing, this bill sets the procedures thereby * * *."

Prior to the 1971 revisions to ORS 183.010 to 183.500, ORS 183.480 (1) (a) provided:

> "*Except as otherwise provided specifically by statute*, any party to an agency proceeding aggrieved by a final decision in a contested case,

whether such decision is affirmative or negative in form, is entitled to judicial review thereof under ORS 183.310 to 183.510." (Emphasis supplied.)

The italicized language was omitted in the 1971 revision and that section now reads:

"(1) (a) Any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order, whether such order is affirmative or negative in form, under ORS 183.480 to 183.500. A petition for rehearing or reconsideration need not be filed as a condition of judicial review unless specifically otherwise provided by statute or agency rule."

The Supreme Court in *Wampler v. Dept. of State Police,* 224 Or 439, 442-44, 355 P2d 238 (1960), considered the former statute in a case where a member of the state police sought judicial review of an order of dismissal entered against him by the trial board of the Department of State Police. In holding that the petitioner was not entitled to review under the former Administrative Procedures Act, the court said:

"The problem can be easily resolved if we examine the first sentence of ORS 183.480 (1). This sentence is prefaced by the following exclusionary phrase: 'Except as otherwise provided specifically by statute * *. *.' The procedure for the review of a decision of the police trial board is otherwise specifically provided by a statute; that is, by ORS 181.350, supra. If this exception made by ORS 183.480, supra, is to be given any effect, it demands that we must look to the statutes to determine if there is any specific provision for review and if such a provision is found we must then exempt that method of review from the operation of ORS 183.480.

"We are not unmindful of the language in the last sentence of ORS 183.480 (1). It reads: 'Judicial review of decisions in contested cases by parties shall be solely as provided by ORS 183.310 to 183.510.' Admittedly, this section could have been more artfully drawn. On the surface this last sentence appears to contradict the sentence which precedes it. However, inconsistencies are not favored in the law and our statutes require us to adopt an interpretation which gives meaning to every provision of the statute if such is possible. ORS 174.010. *State Highway Commission v. Rawson,* 210 Or 593, 611, 312 P2d 849 (1957); *Anthony v. Veatch,* 189 Or 462, 502, 220 P2d 493, 221 P2d 575 (1950); *City of Portland v. Duntley,* 185 Or 365, 380, 203 P2d 640 (1949).

"Applying these rules we find there is a construction of ORS 183.480 (1) which gives both sentences a logical and rational meaning. Prior to the enactment of the Administrative Procedure Act there existed a variety of state agencies and of hearing procedures. It is likely that the legislature desired to provide for two possible situations: agencies such as the state police which had a distinct method of review and agencies which might operate under provisions for hearings but lack any definite provisions for review. The exception contained in the first sentence preserved the existing review procedures. The statement in the last sentence operated upon what remained and limited review procedures in other cases to that expressed in the Administrative Procedure Act.

"In the light of this analysis we must conclude that the petitioner employed the wrong review procedure and brought his petition in the wrong forum * * * ."

It is clear, then, that the *Wampler* decision was based on the former language, "Except as otherwise provided specifically by statute." Former ORS 183.-

480 (1). Since that clause has now been eliminated from the statute, the Act must now be construed in the light of that amendment.

Davis, Administrative Law Treatise 822, § 24.07 (1970 Supp), states:

"The many states which still rely upon the extraordinary remedies as means for review of administrative action are needlessly inflicting on themselves a body of sick law. The cure for the disease of a plurality of remedies is a statute providing for a single remedy."

The *Wampler* case was the subject of lengthy comment in three law review articles. Linde, *Public Law—1960 Oregon Survey,* 40 Or L Rev 249 (1961); Adams, *Wampler v. Department of State Police: Opportunity, Not Disaster,* 41 Or L Rev 118 (1962); Linde, *The Wampler Disaster—A Reply,* 41 Or L Rev 177 (1962).

In the last of the three articles the author concludes:

"* * * Certainly I can add nothing to the dispassionate and judicious evaluation of the writs expressed in Davis, Administrative Law Treatise:

"* * * * *

" 'The fountainhead of evils in state systems for review of administrative action is the plurality of remedies. The needless plurality is complicated to an unbelievable extent by uncertainties about each of the extraordinary remedies. The cure for plurality is a single remedy. The cure for the extraordinary remedies is complete abolition, both in form and in substance. All reviewable administration action should be reviewable by petition for review, whether the action is judicial, legislative, executive, or something else, . . . *The manner or* [sic] *review and the relief afforded may depend*

*upon the nature of the administrative action, but the form. of proceeding should not.*

" 'Legislation should provide for a single form of proceeding for review of administrative action in the courts of each state.'

"The Oregon Administrative Procedure Act did not go this far, but it was a step in the right direction. Whatever diversity might or might not be found appropriate with respect to the degree of substitution of judicial for administrative judgment on various issues, much would be gained and nothing of value lost if litigants knew that they could safely rely on the APA's procedure for obtaining judicial review of the actions of agencies covered by the act. Section 183.480 should not be repealed to complete the *Wampler* disaster. It should be revitalized." 41 Or L Rev, supra at 181.

In revising the Administrative Procedures Act in the 1971 session other pertinent amendments included: (1) removing the review jurisdiction from the circuit court to the Court of Appeals; (2) revising the list of exempt agencies (ORS 183.315) ;[3] and expressly conforming a large number of other agencies which previously had built-in review procedures[4] to those provided by the Administrative Procedures Act.

■ Thus it is clear the legislature intended to vest in this court, rather than as theretofore in the circuit court, jurisdiction generally for the review of administrative agency orders.

We note that the 1971 legislature when it created the Fair Dismissal Appeals Board by Oregon

---

[3] The Fair Dismissal Appeals Board was not included as an exempt agency.

[4] The Fair Dismissal Law statute was not included in the large number of conformed agency procedures contained in Oregon Laws 1971, ch 734, Sec 21, p 1786.

Laws 1971, ch 570, p 1013, entitled the Fair Dismissal Law (section 2 thereof), simply kept former ORS 342.945 (2) allowing use of the writ of review. ORS 34.010 to 34.100. The minutes of the education committees do not reflect that any consideration was given to the obvious conflict with ORS 183.480. This Act was passed on June 9, 1971, signed by the Governor on June 29, 1971, and filed with the Secretary of State on June 29, 1971.

Oregon Laws 1971, ch 734, pp 1773-1832, containing 188 sections which extensively amended the Administrative Procedures Act was passed on June 7, 1971, approved by the Governor on July 1, 1971, and filed with the Secretary of State the same date. Since the Fair Dismissal Appeals Board was not yet in existence at the time Oregon Laws 1971, ch 734 was passed by the legislature, we cannot infer from the failure to include ORS 342.905 (8) in the general conforming amendment of its Section 21[⑨] an intention not to omit it therefrom.

ORS 174.050 tells us:

"If at any session of the Legislative Assembly there are enacted two or more Acts amending the same section of the statutes, each of the Acts shall be given effect to the extent that the amendments

---

[⑨] Sec 21 repealed some 87 sections in various administrative and related executive branch proceedings providing for their own review procedures. Hugh Smith, then Chairman of the Administrative Law Committee of the Oregon State Bar Association, stated to the House Judiciary Committee considering ch 734 the purpose of this effort:

"We have gone through the process of developing conforming amendments which means that every agency in the state has seen the conforming amendment * * *. They know that this thing is coming through. The chance of our missing something that really is going to be deplorable we of the bar committee feel is very small * * *."

do not conflict in purpose. Otherwise, the Act last filed in the office of the Secretary of State shall control."

We find the reasoning behind that rule persuasive in resolving otherwise apparently insoluble conflicts in legislation, though we deal here not with two conflicting amendments to the same statutory section, but rather with two inconsistent statutory provisions adopted by the same legislature, referring to judicial review of an administrative agency action.

■ The general purpose of the Administrative Procedures Act as amended by the 1971 legislature was to funnel reviews of administrative agencies directly to this court through the use of a uniform procedure and standardized scope of review.

■ We think the trial court correctly allowed the motion to quash.

Affirmed.

THORNTON, J., dissenting.

I cannot agree with the main conclusion of the majority opinion, namely, that the right to obtain a petition for a writ of review expressly granted by ORS 342.905 (8) was by implication taken away by ORS 183.480. The majority reaches this result by invoking the doctrine of implied repeal.

The reasons for my disagreement may be summarized as follows:

(1) An examination of the legislative history of the Teacher Tenure Law indicates to me a legislative intention to retain the writ of review provision (ORS 342.905 (8)) as a part of the law, rather than to eliminate it; and

(2) Writ of review and appeal are two different remedies. The two provisions involved here are not repugnant to each other. Hence this is not a proper case for the application of the rule of implied repeal.

Taking up the first point, an examination of the legislative history of ORS 342.905 (8)[1] shows that this subsection was originally enacted as part of former ORS 342.945. That section provided as follows:

"(1) Any permanent teacher who has been dismissed by action of the board after a hearing pursuant to ORS 342.935 shall have the right to appeal from the decision of the board to the circuit court for the county in which the permanent teacher is employed. The appeal shall be filed within a period of 30 days after notification of the decision of the board. The procedure shall be as nearly as possible the same as an appeal from a circuit court to the Supreme Court in equity suits but no undertaking on appeal shall be required. The cost of preparing the transcript on appeal shall be borne by the board.

"(2) Nothing in ORS 342.805 to 342.955 precludes a permanent teacher from obtaining a writ of review as provided in ORS 34.010 to 34.100 after a hearing pursuant to either ORS 342.925 or 342.935 for the purpose of reviewing the findings and order, if any, authorized by ORS 342.925 or 342.935."

It will be noted that the above statute granted the right to obtain a writ of review only to the employe, i.e., the discharged teacher.

---

[1] ORS 342.905 (8) provides:

"Nothing in ORS 342.200 and 342.805 to 342.955 precludes a permanent teacher or a district school board from obtaining a writ of review as provided in ORS 34.010 to 34.100 after a hearing pursuant to this section for the purpose of reviewing the findings and order, if any, of the Fair Dismissal Appeals Board."

The 1971 legislature in overhauling the entire Teacher Tenure Law made two significant changes in former ORS 342.945. First, it eliminated the appeal provision (ORS 342.945 (1)) but retained the writ of review provision. Second, it expanded the scope of ORS 342.945 (2) by giving the employer, namely, the district school board also, the right to obtain a writ of review. The effect of the elimination of the appeal provision was to make such appeals subject to the general provisions of the Administrative Procedures Act.

Thus it would appear that appeal and writ of review were treated as concurrent remedies both before and after the 1971 amendment.

Further, it is significant that the instant writ of review provision was not repealed in the 1971 comprehensive revision of the Administrative Procedures Act, in which the statutes dealing with the built-in review procedures of a large number of other administrative bodies were expressly repealed. The omission of the Teacher Tenure Law provision from this wholesale repeal is strong evidence that the legislature intended to retain the writ of review here.

Second, the above construction is further supported by the intrinsic nature of the writ of review in this state.

A writ of review and an appeal provide two distinctly different remedies. A writ of review cannot be used as a substitute for an appeal. *Garnsey v. County Court,* 33 Or 201, 54 P 539, 54 P 1089 (1898); *Asher v. Pitchford,* 167 Or 70, 115 P2d 337 (1941). The object of a writ of review is to keep inferior tribunals within their jurisdiction and compel them to proceed regularly in the disposition of matters brought before

them for determination. *Garnsey v. County Court,* supra.

The writ of review is not interchangeable with the right of appeal, but lies only to correct errors in jurisdiction and irregularity in procedure, and not every error of law. *Bechtold et al. v. Wilson et al.,* 182 Or 360, 186 P2d 525, 187 P2d 675 (1947). It is allowed only if the inferior tribunal exercised its judicial functions erroneously or exceeded his or its statutory jurisdiction to the injury of some substantial right of plaintiff. *Miller v. Schrunk et al,* 232 Or 383, 375 P2d 823 (1962); *Vollmer v. Schrunk,* 242 Or 196, 409 P2d 177 (1965) (specially concurring opinion of DENECKE, J.); *Hochfeld v. Portland,* 97 Or 572, 190 P 725, 192 P 911 (1920).

In my view the effect of the 1971 amendment (ORS 342.905 (8)) was to preserve the writ independent of the existence of the right of appeal. This is the same conclusion our Supreme Court reached in *Bechtold et al. v. Wilson et al.,* supra, in considering an earlier amendment of the writ of review statute.

It has been held that writ of review and appeal may not be availed of at the same time, notwithstanding the fact that the two remedies are concurrent. *Kamm v. City of Portland,* 132 Or 311, 285 P 240 (1930).

In interpreting a statute the court cannot insert what has been omitted or omit what has been inserted, and when there are several provisions such construction is to be adopted as will give effect to all. *Union Pac. R.R. Co. v. Bean,* 167 Or 535, 119 P2d 575 (1941).

Repeals of statutes by implication are not favored by the law. *Wampler v. Dept. of State Police,*

224 Or 439, 355 P2d 238 (1960). This is not a proper case to apply this rule of statutory interpretation. It is only where two Acts are so plainly inconsistent that they cannot stand together that the latter will repeal the former by implication. *Rorick v. Dalles City,* 140 Or 342, 12 P2d 762 (1932); *Pacific Elevator Co. v. Portland,* 65 Or 349, 133 P 72 (1913); *Cunningham v. Klamath Lake R. Co.,* 54 Or 13, 101 P 213, 101 P 1099 (1909).

The majority opinion makes reference to testimony by the Attorney General and one of his assistants before a committee of the 1971 legislature as to what that office was intending to bring about— elimination of the multiplicity of judicial review provisions. But this type of evidence cannot override express legislation which is directly to the contrary.

A court is not authorized to rewrite a statute or ignore the plain meaning of unambiguous words. *Fullerton v. Lamm,* 177 Or 655, 163 P2d 941, 165 P2d 63 (1946). It should declare what the legislature has done, not what it should have done. *Sunshine Dairy v. Peterson et al.,* 183 Or 305, 193 P2d 543 (1948).