MARION COUNTY, *Respondent,*

*v.*

STATE ex rel LAND CONSERVATION AND DEVELOPMENT COMMISSION, *Appellant,*

*v.*

1000 FRIENDS OF OREGON et al,
*Intervenors-Appellants.*

(No. 100019, CA 9218)

582 P2d 17

W. Benny Won, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were James A. Redden, Attorney General, Al J. Laue, Solicitor General, and Peter S. Herman, Senior Counsel, Salem.

Robert E. Stacey, Jr., Portland, filed a brief for intervenors-appellants.

Richard T. Ligon, Marion County Assistant Legal Counsel, Salem, argued the cause for respondent. With him on the brief was Frank C. McKinney, Marion County Legal Counsel, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

The sole issue presented in this appeal is whether the circuit court had jurisdiction to review in a declaratory judgment proceeding orders issued by the Land Conservation and Development Commission (LCDC) with respect to a review proceeding which LCDC conducted pursuant to ORS 197.300(1)(d).[1]

Briefly, the facts are as follows:

On June 10, 1975, the Marion County Board of Commissioners adopted Zoning Ordinance No. 420 which rezoned certain land in the "East Salem Area" from RA zoning (Residential-Agricultural, which, with water and sewer or septic tank approval, could have been subdivided into a density of up to six single-family residences per acre) to the following zoning designations:

| Acreage | Zoning |
|---|---|
| 9,604 acres | EFU (Exclusive Farm Use) |
| 1,075 acres | AR-3 (Acreage Residential, with a density of one single-family residence per three acres) |
| 10,550 acres | AR-5 (Acreage Residential, with a density of one single-family residence per five acres) |

On August 11, 1975, 1000 Friends of Oregon, a nonprofit corporation, and certain individuals filed a petition for LCDC review of Zoning Ordinance No. 420. The petition, filed pursuant to ORS 197.300(1)(d),

---

[1]ORS 197.300(1)(d) (amended Oregon Laws 1977, ch 664, § 22) provides:

"(1) In the manner provided in ORS 197.305 to 197.315, the commission shall review upon:

"* * * * *

"(d) Petition by any person or group of persons whose interests are substantially affected, a comprehensive plan provision or any zoning, subdivision or other ordinance or regulation alleged to be in violation of statewide planning goals approved under ORS 197.240 or interim goals specified in ORS 215.515."

[ 445 ]

alleged that the rezoning effected by the ordinance violated the interim planning goal to preserve prime farm lands, former ORS 215.515(1)(d), and statewide planning goals adopted by LCDC, because not all of the land in question was rezoned EFU.

After a LCDC hearings officer held hearings on the matter and submitted a recommendation, the LCDC issued an order on June 30, 1976, holding, inter alia, that the AR-3 and AR-5 zoning designations specified in Zoning Ordinance No. 420 were inadequate to preserve prime farm lands as required by the relevant goals. The LCDC directed Marion County to rezone the "East Salem Area" in accordance with its opinion by July 1, 1977, and to incorporate this zoning work into the county's compliance schedule.

Plaintiff filed a petition for rehearing or reconsideration of LCDC's order. After additional hearings were held, LCDC issued an order on March 2, 1977, holding that the AR-3 and AR-5 zoning designations specified in Zoning Ordinance No. 420 violated the statewide planning goals and that any major partition or subdivision of the land by the county in the future must conform to the statewide goals.

The plaintiff then instituted this declaratory judgment proceeding in the circuit court seeking to have the court declare: (1) that the interim goals and LCDC statewide goals did not apply to Ordinance No. 420; (2) that even if the interim goals applied, any question of their violation was moot because they ceased to exist on January 1, 1976, when the statewide goals went into effect; (3) that it was a violation of Article I, section 21, Oregon Constitution, to apply the statewide goals retroactively; (4) that LCDC did not have the authority to review the rezoning undertaken by the county; and (5) that LCDC be enjoined from interfering with the plaintiff's rezoning under Ordinance No. 420.

The defendants demurred to the amended complaint on the ground that the circuit court did not have

jurisdiction to review the LCDC orders in question. The demurrer was overruled and, when defendants declined to plead further, a default judgment was entered for plaintiff.

ORS 197.310(5) specifically provides that, for purposes of appeal, an order issued by LCDC with respect to a review proceeding conducted pursuant to ORS 197.300 shall be handled in the same manner as a contested case.[2]

ORS 183.480(2) states:

"Judicial review of final orders of agencies shall be solely as provided by ORS 183.482, 183.484, 183.490, 183.495 and 183.500."

ORS 183.482(1) states in part:

"Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals. Proceedings for review shall be instituted by filing a petition in the Court of Appeals. * * *"

Under these statutory provisions, it is clear that the sole remedy for the plaintiff was direct appeal to this court. *See, Bay River v. Envir. Quality Comm.,* 26 Or App 717, 554 P2d 620, *rev den* (1976); *Sch. Dist. No. 48 v. Fair Dist. App. Bd.,* 14 Or App 35, 512 P2d 799 (1973). The scope of review provided by such an appeal could raise the same challenges urged by plaintiff in its suit before the circuit court. *See,* ORS 183.482(8).[3] Therefore, we conclude that the circuit court erred in overruling defendants' demurrers and that the judgment below should be reversed and remanded for dismissal of plaintiff's amended complaint.

Reversed and remanded.

---

[2] ORS 197.310(5) provides:

"Any party to a review proceeding before the commission who is adversely affected or aggrieved by the order issued by the commission in the matter may appeal the order of the commission in the manner provided in ORS 183.480 for appeals from final orders in contested cases."

[3] If, as plaintiff argues, we were to construe the LCDC orders as not being orders within the meaning of ORS 183.310(4), but as an attempt at rule-making, the plaintiff's appeal would still be to this court. ORS 197.305(2), 183.400(1).