Norma Holcomb Boyd, Appellee, v. Elsie Boesche Mueller and Jack Ruffing, Appellants.

Gen. No. 42,456.

Opinion filed September 27, 1943. Rehearing denied October 14, 1943.

BURT A. CROWE, of Chicago, for certain appellant.

ARTHUR F. GRUENWALD and C. HELMER JOHNSON, both of Chicago, for certain other appellant.

ROYAL W. IRWIN, of Chicago, for appellee.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff, an occupant of an automobile driven by defendant Ruffing, recovered a judgment for $8,500 against him and Elsie Boesche Mueller, the driver of another automobile, for personal injuries sustained in a collision between the two cars. Both defendants ap-

pealed. The appeal of defendant Mueller has been dismissed on her motion and the case now stands as the appeal of Ruffing alone. He will be referred to as the defendant.

The complaint charges negligence, not wilful and wanton conduct. Plaintiff's status in the car is a controlling element in the case.

The evidence from which this fact must be determined is without conflict. Plaintiff, defendant, Genevieve Kakacek and Arthur Nichols—the latter being the owner of the automobile in which plaintiff was riding, were young persons who had been friends for some time and frequently went out together; on these occasions Nichols went with plaintiff and defendant with Kakacek; Nichols was employed at the Pal-Waukee airport, northwest of Chicago; the day before the accident the four were together at a show; Nichols complained of being lonesome at the airport and suggested that the other three come out and see him the next day, which was the first day of the spring school vacation; he said the defendant could take his car, charge the gas and oil and pay him back later. The next day the defendant got the car, charged the gas and oil to Nichols at the filling station on the south side of Chicago, picked up the girls and the three went to the airport; on the way they stopped to eat sandwiches made by the girls; they spent the afternoon at the airport and when Nichols was through work at 6 o'clock, left him at his boarding house while they went to Des Plaines for dinner; after dinner they picked up Nichols and all took a ride for several hours, when Nichols was again left at his boarding house and the three started home; on the return trip the accident occurred. Plaintiff was riding south on Mannheim Road, defendant Mueller was driving east on Higgins Road. The collision took place at the intersection.

The rule for determining whether or not a passenger in an automobile is a guest without payment for such

ride is stated in *Connett v. Winget,* 374 Ill. 531, 534, where the court said: "In determining whether a person is a guest within the meaning of the 'Guest Statutes' in the several States, consideration is given to the person or persons advantaged by the carriage; if it confers only a benefit incident to hospitality, companionship or the like, the passenger is a guest, but if the carriage tends to promote mutual interests of both the person carried and the driver, or if the carriage is primarily for the attainment of some objective or purpose of the operator, the passenger is not a guest within the meaning of such enactments." Under this rule a person being carried on a trip of a social nature the only benefits of which arise from social relations and courtesies, is a guest without payment for the ride, but a person being carried on a business trip the benefits of which are the promotion in a material or business sense of the mutual interest of the person carried and the driver, or a purpose of the driver, is a paying passenger for whose safety the driver must exercise ordinary care. As said in *Duncan v. Hutchinson,* 139 Ohio St. 185, where many cases are cited, including *Connett v. Winget, supra,* nearly all of the decisions on this subject may be reconciled when the test is applied as to whether the trip has a business or social aspect.

Plaintiff cites the case of *Lerma v. Flores,* 16 Cal. App. (2d) 128, 60 P. (2d) 546, where a truck driver had contracted to transport certain goods and asked plaintiff to ride along in order to indicate the route; while plaintiff was riding in the truck for this purpose he was injured. Plaintiff was held to be a passenger instead of a guest, it being plain that the purpose of the trip was the performance of the business contract to transport the goods, and the services rendered in directing the driver as to the route. was payment for the ride sufficient to exclude plaintiff from the operation of the guest statute. Defendant cites the case of

*Snyder v. Milligan,* 52 Ohio App. 185, 3 N. E. (2d) 633, where two groups of three persons each, meeting at a place of amusement, decided to go to a country club for the purpose of dancing; plaintiff was riding in defendant's car at defendant's invitation, one of the purposes being for plaintiff to show defendant the location of the club, but the chief purpose of the trip being to reach the club house where all were to dance. The court said: "But, where there was no business relationship between them, either of present or prospective contract, and there was no benefit, mutual or otherwise, which could be regarded as a consideration, and the only relationship was a social one of hospitality or reciprocal hospitality, the rule, by the weight of authority and reason, is that, as a matter of law, the person being transported was a guest within the meaning of what is commonly known as 'guest statutes.'" There is no conflict in principle between these cases. The first was essentially a business transaction, the second purely a social matter, and, recognizing these distinctions, each case was decided according to the rule stated by our Supreme Court.

Plaintiff, insisting that the trip on which she was injured was a trip having a business aspect, says that because of lonesomeness Nichols, for his own pleasure, invited his three friends to visit him at the airport and that the trip was primarily for the purpose of the owner of the car. In taking this position plaintiff ignores the fact that the only benefit conferred on Nichols was incident to the companionship of his friends and that the entire trip was devoted to social activities—the visit with Nichols at the Pal-Waukee airport, dinner at Des Plaines, the social ride in the evening, including a visit to another airport, without the slightest evidence of any business or material personal interest being suggested or promoted. If a trip is social its character is not transformed into a trip with a business aspect because the owner suggests it or ex-

tends the invitation. In *Gaboury v. Tisdell*, 261 Mass. 147, plaintiffs were sisters of defendant's wife and lived in defendant's house; the accident occurred on a trip from Worcester, Mass., to Central Falls, R. I.; plaintiffs, defendant and his wife and son were making the trip; plaintiffs claim that they were not guests because when invited by defendant one of them said she did not care to ride on Sunday because there was too much traffic, and the defendant said: "Do come for us . . . it will be more pleasure for us . . . Everything will be all right. Come along." The court said: "The relation in which the plaintiffs stood to the defendant was not changed by the conversation. The desire to have the plaintiffs accompany the defendant, and his statement that they would all have a better time if the plaintiffs joined in the trip and that everything would be all right, did not show that they accompanied the defendant for his benefit. . . . In the case at bar there was no pecuniary gain to the defendant in carrying the plaintiffs to Central Falls. The trip was to be taken for the mutual pleasure of all. The plaintiffs were the defendant's guests; they did not cease to be such because their presence was pleasing to the defendant and they were solicited to accompany him and his family. . . ." In *McCornack v. Pickerell*, 225 Iowa 1076, plaintiff was invited by defendant to go with him to Illinois to be a witness at his wedding; she accepted, as she said, upon condition that she take a lunch along and pay one third of the cost of the gas and oil to help pay the expenses; she also testified that defendant consented. The court held that a motion for a directed verdict should have been sustained, and said: "She further testifies that she was requested to go for the reason that the defendant and Mrs. Donner were planning to be married and that the defendant wanted the plaintiff along. This does not seem sufficient, under the holdings of this court above referred to and the general rules laid down by other courts, to

constitute the plaintiff a passenger for hire, but rather emphasizes the fact that she was a guest. There was no fixed sum of payment to be made, but a voluntary offer on the part of the plaintiff to pay for part of the gasoline and oil. Nor does it appear that she was to render any service, unless the fact that she was to act as a witness at the contemplated marriage might be so construed. She went by invitation, and in our opinion, following the rule which we believe to be the true one, she was a guest . . . ."

In a further effort to keep outside the "guest" statute plaintiff insists that she could not be the guest of Nichols because Nichols, not being in the car at the time of the accident, the elements of companionship and enjoyment were lacking. This places an extremely narrow construction upon the relation of host and guest. If tenable, a host inviting guests to his home would be exempt from all liability except for wilful and wanton conduct for injuries sustained while the guests were being conveyed in his automobile from their homes, or a railroad station to his home, if he were present in the car, but liable for failure to exercise ordinary care if he were not in the car. The host's presence in or absence from the car does not affect the character of a trip which is purely social and made for the purpose of enabling the guest to visit the home of the host. The sending of the car is merely a social courtesy ordinarily extended to guests, and entirely devoid of any business or contractual aspect. So in the case at bar, the purpose of the outing was the visit with Nichols at the airport, and the transportation of his friends, including plaintiff, to and from their homes was an essential part of the outing and for that reason Nichols gave permission to use his car. It would be illogical to separate the outing into the times when Nichols was present in the car and the times when he was not, for the purpose of determining the nature of the trip and the status of plaintiff in the car.

In the case of *Flynn v. Lewis,* 231 Mass. 550, in an action against the owner of an automobile for injuries sustained on a trip to Boston made by his daughter and her friend, the friend was held to be a guest of the father and her right to recover limited to wilful and wanton conduct.

Applying the rule announced by our Supreme Court and the holdings of the cases above referred to, which are in harmony with the great weight of authority, we hold as a matter of law that at the time of the accident plaintiff was a guest. So far as the liability of defendant is concerned it is immaterial whether plaintiff was a guest of Nichols or of the defendant. Ruffing was the driver of the car, either for himself, or, as agent of Nichols, as contended by plaintiff, and therefore exempt from all liability except for wilful and wanton conduct. Ill. Rev. Stat. 1941, ch. 95½, par. 58a [Jones Ill. Stats. Ann. 85.064(1)]. We hold that plaintiff was a guest of defendant. The resume of the evidence heretofore given shows that Nichols gave defendant the use of his car and of his credit at the filling station; defendant promised to pay Nichols for the gas and oil purchased and was ultimately liable for same; he did pay for the dinner at Des Plaines. The evidence does not show any control by Nichols over the operation of the car or the route to be taken. Defendant was not the agent of Nichols. *Hartley v. Miller,* 165 Mich. 115.

Since plaintiff was a guest of defendant it becomes unnecessary to consider other points raised in the briefs filed. Plaintiff having charged negligence only, the motion of defendant for judgment notwithstanding the verdict should have been allowed and judgment entered for defendant. The judgment of the superior court is reversed and the cause remanded with directions to enter judgment for defendant.

Reversed and remanded with directions.

O'CONNOR, P. J., and MATCHETT, J., concur.