376 P.2d 541

**Thelma Bryson SMITH, guardian of the person and estate of Carol Smith, Plaintiff and Appellant,**

v.

**Lorrie FRANKLIN, Defendant and Respondent.**

**No. 9664.**

Supreme Court of Utah.

Nov. 28, 1962.

Allen M. Swan, Salt Lake City, for appellant.

Rich & Strong, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff Thelma B. Smith, as guardian of Carol Smith (her granddaughter), seeks to recover for the death of Ardith Smith (her daughter) which resulted from a collision while the deceased was riding in the defendant's car.

The problem which has proved to be of controlling importance in this case is whether the deceased was a passenger for hire, as contended by plaintiff, or a guest, as contended by defendant.

Our statute, Sec. 41–9–1, U.C.A.1953, commonly called the "Guest Statute," provides that a guest (or his legal representative) shall not have a right of recovery against the driver of a motor vehicle unless his injury was proximately caused by wilful misconduct or intoxication of the driver. There is no claim that those factors were present here. Therefore, there could be no recovery against the defendant unless it were established by a preponderance of the evidence that the deceased, Ardith Smith, was a passenger for hire.

The evidence shows: that defendant Lorrie Franklin and her cousin, Ardith Smith, were both young women residing in Tooele, about 36 miles west of Salt Lake City; on the 11th of October, 1960, Ardith told Lorrie that she needed to go to Salt

Lake to obtain a loan and asked Lorrie to drive her there; Lorrie told her that she had no money for gasoline; Ardith paid for $2.00 worth of gas which Lorrie said she judged from previous experience would be sufficient for that purpose; during the trip returning to Tooele the accident occurred in which Ardith was killed, the details of which are not now our concern.

The trial court denied defendant's motion for a directed verdict and submitted to the jury the question whether the deceased was a passenger for hire, to which they answered, "No." Accordingly, judgment was entered for the defendant. Plaintiff appeals, contending that the court did not present the issue to the jury on the proper basis. This gives rise to the necessity of considering when one is a guest, as distinguished from a passenger for hire, within the meaning of the guest statute.

The test is simple to state and under most circumstances is easy to apply: a passenger for hire is one who pays for his ride; a guest is one who is furnished a ride free of charge. The former is in the nature of a business transaction for money; whereas the latter is motivated by other considerations, usually of a social nature. Difficulties are encountered where both factors are present in such a way that it does not appear with sufficient certainty to justify a ruling as a matter of law either that the rider was a guest or a passenger for hire. Where such uncertainty exists, the definition given by Sec. 41-9-2, U.C.A.1953, that a guest is "a person who accepts a ride in any vehicle without giving compensation therefor," does not provide the conclusive answer. The question arises as to what constitutes "compensation" sufficient to change what normally would be a guest to a passenger for hire.[1]

It must be conceded that where it is shown that the rider is basically a social guest, neither the giving of just "any compensation,"[2] which might be some inconsequential amount of money or other consideration of value, nor even the sharing of expenses, merely in social reciprocation for the ride, would change the relationship to that of passenger for hire. The phrase "compensation therefor" as used in the statute means compensation for the ride. Therefore, it would have to be sufficient money (or other thing of value) that it reasonably could be supposed that the parties so regarded it. But whether there is profit in the transaction is obviously not the determining factor. Where payment for the

1. See Jensen v. Mower, 4 Utah 2d 336, 294 P.2d 683, and authorities therein cited. For many and varying points of view on this matter see cases in Annotation 10 A.L.R.2d 1351, et seq.

2. Cf. 2 Harper and James, Torts, 961–962; see Johnson v. Kolovos, 224 Or. 334, 355 P.2d 1115, which seem to approve such a rule.

ride is the main inducement for it, the fact that there may also exist some social incentive which makes giving the ride enjoyable or desirable for the driver would not change its character to that of host and guest.

■ Howsoever convenient or expedient it may be to see things as either black or white and to avoid perplexing problems in the twilight areas of uncertainty, that cannot always be done. Where both payment and social incentive are present, and the evidence would support a finding that each exerted a substantial influence on hauling the passenger, the problem as to the relationship between the parties must be faced up to and resolved by submitting the issue to the jury (or fact trier).

■ From our consideration of this subject and the authorities which have dealt with it, we are persuaded that the sound and practical view is that the determination should be made on the basis of which was

the chief inducement for giving the ride.[3] Although the instructions which were given are not so faultless as to be beyond criticism, if their treatment of this subject is considered in the composite,[4] the jury was adequately so advised in language not unfavorable to the plaintiff. In the absence of error prejudicial to her, a reversal and granting of a new trial is not warranted.[5]

■ It is apparent that the trial court regarded the evidence as showing that even if it be true that Lorrie would not have taken the trip except for the request and as a favor to her cousin Ardith, it also could reasonably be found that she would not have taken the trip except for the fact that Ardith furnished the $2.00. Under those circumstances, it was discreet and proper to refer the disputed issue to the jury for determination. Rule 50(b) U.R.C.P. was obviously designed to encourage the submission of controverted issues to a jury whenever there is any doubt about the matter. This permits determination on the

3. The California District Court of Appeal in the case of Hart v. Chaffin, 144 Cal. App.2d 326, 300 P.2d 905, approved this instruction: "Where, however, the driver receives some compensation which is the *chief inducement* for the rider's transportation, and which is given and received as compensation, and as a business transaction, such a rider is a passenger, not a guest. * * * " This case was cited with approval and reference made to numerous other cases on the subject in Ray v. Hanisch, 147 Cal.App.2d 742, 306 P.2d 30, 34.

See also Gillespie v. Rawlings, 49 Cal. 2d 359, 317 P.2d 601, where the California Supreme Court explained that the key thought is that, "tangible benefit, not mere pleasure, kindness, or friendship alone, must be the *principal inducement* for the ride"; and Burt v. Lochausen (Tex.Civ.App.), 244 S.W.2d 915. Cf. instruction form 34.3, Jury Instruction Forms Utah. (Emphasis added.)

4. That instructions should be considered together see Hillyard v. Utah By-Products, 1 Utah 2d 143, 263 P.2d 287.

5. See Finn v. United States, 9 Cir., 219 F.2d 894.

merits, which is more conclusive and eliminates the necessity of ruling on the question as a matter of law. The rule provides that when a motion for directed verdict is denied " * * * the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion"; and for subsequent proceedings to allow the court to again consider and rule upon the matter if the jury verdict is inconsistent with the motion.

█ The verdict in accord with the defendant's position rendered it unnecessary for the trial court, and for us, to be concerned with whether it properly could have been ruled as a matter of law that the deceased was a guest. However, we think it appropriate to make this observation: that particularly in view of the invariable rule that any doubts should be resolved in favor of submitting disputed issues to a jury,[6] we are not disposed to disagree with the course followed by the trial court in allowing the jury to settle the controversy.

Affirmed. Costs to defendant (respondent).

McDONOUGH and CALLISTER, JJ., concur.

WADE, Chief Justice (concurring in the result).

I concur in the result on the grounds stated by Mr. Justice HENRIOD, with the following observations:

In my opinion the evidence requires a holding as a matter of law that Ardith Smith, the deceased, was accidentally killed while riding as a guest of her cousin Lorrie Franklin, the defendant, and not as a passenger for hire. On the day of the accident decedent requested Lorrie Franklin to drive her from Tooele, Utah, where both resided, to Salt Lake City and back, a distance of about 72 miles, so that decedent could attend to some personal business. Lorrie had worked a night shift and obtained only a few hours sleep the night before; however, she consented and decedent offered to pay for the gas. Before they left Tooele, decedent paid for $2.00 worth of gas, which Lorrie testified she knew from previous trips would be sufficient merely to take them to Salt Lake and back. Unless decedent had paid for the gas, the trip would not have been made because Lorrie had no reason to go to Salt Lake City, and she didn't have enough gas to go or money to pay for it at the time.

From the record it is clear that respondent would not have taken the trip but for the request and as a favor to her cousin. Just sufficient gasoline was purchased to get the car to Salt Lake and back to Tooele. Lorrie had no business in Salt Lake nor

6. Newton v. Oregon Short Line R. R. Co., 43 Utah 219, 134 P. 567; Sticle v. Union Pac. R. R. Co., 122 Utah 477, 251 P.2d 867.

can it be reasonably inferred from the evidence that she would have made the trip just for the ride and to be sociable and visit with her cousin. As stated in Harper and James, Law of Torts,[1] "* * * All agree that the occupant is a guest where he obtains the benefits of the ride and his presence confers none upon the host except the satisfactions of hospitality and social relationships. On the other side, the passenger *who pays money as a fare* (and not by way of reciprocating hospitality) is clearly not a guest." (Emphasis ours.) Florida has held under similar facts that such a rider's status was that of a guest as a matter of law.[2]

Further, in my opinion, the record indicated that the jury was confused on the issue of whether Ardith was a guest or a passenger for hire to the extent that had the evidence been sufficient to support a finding that she was a passenger for hire a new trial should be granted.[3] The jury requested the court to clarify its definitions but the court refused stating he could not comment on the evidence. In some places the instructions required that the compensation be "an inducement for" the transportation, later the same instruction required that the compensation be "the motivating influence" for the ride in order to support a finding that Ardith was a passenger for hire. Further, the instructions were long and mentioned elements of fact not supported by any evidence in this case. From the foregoing I conclude that the jury rendered the only possible or reasonable answer which could be made from the evidence in this case on that question. On the contrary, had the jury found that Ardith was a passenger for hire, I think such a finding would not be supported by the evidence.

Short and plain statements of the issues of fact submitted to the jury for determination, stated in the language of laymen and not in lawyer verbosity, especially where the facts are complicated, are indispensable for an intelligent understanding and correct determination by the jury of such issues. Long, drawn-out instructions discussing the law in general based on facts not disclosed by the evidence in the case are highly confusing.

I agree that Rule 50(b) U.R.C.P. was designed to encourage the submission of controverted issues to the jury where the evidence creates doubt, and thereby avoid a reversal on appeal of a holding as a

1. Harper and James, Law of Torts, Vol. 2, Sec. 16.15, p. 958; Chaplowe v. Powsner, 119 Conn. 188, 175 A. 470, 95 A.L.R. 1177; Boyd v. Mueller, 320 Ill.App. 303, 50 N.E.2d 847; Whitechat v. Guyette, 19 Cal.2d 428, 122 P.2d 47, and Anno. in 10 A.L.R.2d 1351.

2. Yokum v. Rodriguez, 41 So.2d 446 (Fla.).
3. See Schweitzer v. Stone, 13 Utah 2d 199, 371 P.2d 201, where four separate opinions each indicate that if the jury was confused even though the instructions were correct, a new trial should be granted.

matter of law. For the trial court may after the verdict still direct a judgment as a matter of law if in his opinion the jury decision is not supported by substantial evidence. Here there was no occasion for the defendant to move for a directed judgment as a matter of law for the jury found in her favor. I conclude that since there was evidence that the jury was confused, and I have no doubt that the evidence would not support a finding in plaintiff's favor, I think the judgment should be affirmed because I find no substantial evidence that Ardith was a passenger for hire.

HENRIOD, Justice (concurring in the result).

I concur heartily *in the result*, but not for the reasons advanced in the main opinion. In this case everyone concedes that the sum of $2.00 to travel 72 miles, was consumed entirely *for gasoline.* Such concession should make it inescapable that instructions as to guest or passenger status were quite unnecessary. This court, nor the lower court, possibly could be so naive, under such circumstances, to be disturbed as to any passenger-for-hire relationship, which is predicated on a profit motive. Anyone driving a car, including every member of this court, has discovered,—and of which judicial notice might be indulged,—that the

mileage cost of the most efficient motor vehicle, cannot be gauged in terms of miles per gallon of gasoline. This being so, the lower court in this case should have directed a verdict that there was no passenger-for-hire situation. It is common knowledge that gasoline cost of operation is less than one-half the aggregate cost of operation. Obviously, therefore, on concessions made, and on the data here, that $2.00 worth of gasoline was accepted to transport an individual 72 miles, representing about 2¾ cents per mile, by any stretch of one's imagination such $2.00 could constitute a payment for profit to one who, *when requested,* undertook to take a relative on a trip that cost, not 2¾ cents per mile, but in excess of 5 cents per mile,—7 cents per mile being the accepted minimum to drive any ordinary vehicle.

The jury was asked if it considered the girl who asked for a ride as a passenger for hire. In this case the emphatic "No" of the jury should be accepted without any Hornbook discussion, differentiating between guests and paying passengers. The jury system cannot be so sacrosanct as to attribute to the trial judge a learned stupidity as to plain, ordinary facts of life. The trial court here, in an attempt to be overindulgent in arriving at a result born

of justice, overdid himself when, by taking the bull by the horns, he presented a non-jury question to the jury. Here, the jury resolved the matter in favor of defendant. That was a determination of fact which substantiated what should have been a determination of fact as a matter of law by the court. That should have ended the matter.

It is difficult for this writer to understand why the main opinion should cogitate a problem non-existent here.