398 P.2d 691

**Melvin GREENHALGH, Plaintiff and Appellant,**

**v.**

**Elaine G. GREEN, administratrix of the Estate of Gerald F. Green, deceased, Defendant and Respondent.**

**No. 10169.**

Supreme Court of Utah.

Feb. 2, 1965.

---

Rawlings, Wallace, Roberts & Black, Richard C. Dibblee, Salt Lake City, for appellant.

Raymond M. Berry, Salt Lake City, for respondent.

## PER CURIAM.

Plaintiff appeals from a summary judgment holding as a matter of law that plaintiff was a guest under Section 41-9-2, U.C.A.1953 (1963 Supplement).

The facts are undisputed. Greenhalgh, Lockyer and Green, deceased, jointly planned a deer hunt similar to one they enjoyed before. Green was to supply the camper, and they agreed to share all costs. When the three were on their way, Green, the driver, missed a curve, causing the accident. Prior thereto, plaintiff had paid $6.45 for gas.

Plaintiff did not assert any reckless, wanton, or drunk driving. He contends that he was a passenger for compensation, not a guest within Section 41-9-1, U.C.A. 1953 (1963 Supplement). He says the lower court erred by dismissing his cause.

■ It is axiomatic that when a trip is for a social purpose, not conditioned on contribution for the benefit of the carrier, the passengers are guests though they agree to share the costs of the trip or purchase gas, oil or meals on the trip.[1] The fact that a passenger pays traveling expenses as an act of social reciprocation, courtesy or amenity does not make a paying passenger one who otherwise might be a guest.[2]

■ Green was not induced to provide the truck for the hunting trip because plaintiff paid $6.45 for gas. Even sharing costs, Green was supplying his truck free of charge. This trip was social. It was a common courtesy for plaintiff to share the gas expense. Plaintiff clearly was a guest and not a passenger for hire, and a reasonable man could not find otherwise. Hence, the summary judgment was not error.

Plaintiff bases his entire case on Smith v. Franklin.[3] There the passenger, as distinguished from this case, induced the car owner to carry her. The jury found the passenger to be a guest. That case is not a precedent for a rule that cases involving the Utah Guest Statute always are to be determined by a jury. The judge, in his discretion, gave the case to the jury. The appeal was on alleged erroneous instruc-

---

1. Bedenbender v. Walls, 177 Kan. 531, 280 P.2d 630 and cases cited therein.

2. Smith v. Franklin, 14 Utah 2d 16, 376 P.2d 541.

3. 14 Utah 2d 16, 376 P.2d 541.

tions. This court is well aware that a summary judgment cannot be given if there exists a genuine issue of fact. But no issue of fact exists when patently it is clear that plaintiff was a guest.

The summary judgment is affirmed, with costs to defendant.