403 P.2d 918

**Diane FAVATELLA, by and through her guardian ad litem, Felix E. Favatella, Plaintiff and Respondent,**

v.

**Jean W. POULSEN and Mary Ellen Carter, Defendants and Appellants.**

**No. 10264.**

Supreme Court of Utah.

July 7, 1965.

---

1. Conclusion of Law #3 of the Board.

---

Raymond M. Berry, Ernest F. Baldwin, Jr., Salt Lake City, for appellants.

Dwight L. King, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Interlocutory appeal from an order denying defendants' petition to dismiss. The appeal is sustained and the trial court is ordered to enter judgment of no cause of

action in favor of defendant Carter, with no costs on appeal awarded.

Carter, a teacher, with the consent and apparently solicited approval of the parents, customarily drove the latters' seven-year-old girl to school. The teacher was involved in an accident, and the little girl was injured. The girl sued, bottoming her complaint on ordinary negligence, and it was conceded that there was no question as to drunkenness or wilful misconduct. Miss Carter countered by saying that our "guest" statute [1] precluded recovery. We think she is right, as a casual reading of that legislation will indicate.

Plaintiff relies heavily on Smith v. Franklin,[2] decided by this court recently. A casual reading of that case emphasizes its complete dissimilarity.

To espouse plaintiff's theory of nonconsensuality of a minor in the "guest" statute sense would be to allow recovery by a gestating, unborn, injured infant, where its mother, truly a guest, suffers a miscarriage, the facts of life of which may have been a complete mystery to the Good Samaritan host.

McDONOUGH, CROCKETT, WADE, and CALLISTER, JJ., concur.

1. Title 41–9–1, Utah Code Annotated 1953.
2. 14 Utah 2d 16, 376 P.2d 541 (1962); see also Haarstrich v. O. S. L. RR., 70 Utah 552, 262 P. 100 (1927); Welker v. Sorenson, 209 Or. 402, 306 P.2d 737 (1957).