476 P.2d 687

**Allen WILLDEN, Plaintiff and Appellant,**

v.

**KENNECOTT COPPER CORPORATION, a Utah corporation, and Lee Cecil Hansen, Defendants and Respondents.**

**No. 11925.**

Supreme Court of Utah.

Nov. 5, 1970.

Motors Service v. Public Service Comm., 23 Utah 2d 418, 464 P.2d 582.

Henriod, J., dissented and filed opinion in which Callister, J., concurred.

Bill Thomas Peters, of Richman, Peters & Adamson, Salt Lake City, for plaintiff and appellant.

Richard H. Moffat, of Moffat, Iverson & Taylor, Salt Lake City, for defendants and respondents.

CROCKETT, Chief Justice:

Allen Willden sued Kennecott Copper Corporation for injuries he claims he suffered as a result of certain alleged acts of negligence of that company in transporting him in its ambulance from Bingham to a hospital in Salt Lake City. On the basis of the defendant's defense, relying on the "guest statute," [1] which precludes recovery by a guest passenger against his host except for intoxication or wilful misconduct, the district court granted defendant's motion for summary judgment. Plaintiff appeals.

In the course of his work for his employer, Boyles Brothers Drilling Company, in Bingham Canyon, the plaintiff suffered

---

1. Sec. 41–9–1, U.C.A.1953: "Any person who as a guest accepts a ride in any vehicle * * * shall have no right of recovery against the owner or driver * * * [except] * * * for injury * * * resulting from the intoxication or wilful misconduct of such owner, driver * *."

an industrial accident in which his thumb was severed. His foreman immediately took him over to the Emergency Medical Station maintained by the defendant Kennecott in connection with its mining operation. The attendants there gave him emergency treatment by bandaging to stop the bleeding and administered a shot of demerol, a depressant, to minimize his pain. Plaintiff, his foreman, and defendant's medical attendant got in the defendant's ambulance and proceeded toward Salt Lake City. It was involved in an accident at the intersection of Twenty-first South and State Street in which plaintiff alleges he suffered additional injuries for which he sues herein.

Inasmuch as plaintiff's averments as to the cause of the collision and his further injury resulting therefrom charge only ordinary negligence against the defendant, and do not involve intoxication or wilful misconduct, the guest statute would be a good defense as to any such further injury, if the plaintiff was in the status of a guest. Accordingly, upon this review of the summary judgment in defendant's favor, the issue we confront is whether the trial court was justified in so ruling as a matter of law. A fact of critical importance bearing on that issue is that upon the facts submitted to the trial court for the

purpose of that motion the defendant agreed that its regular charge for such ambulance service was $7.50, for which the plaintiff would have been billed and required to pay.

The argument made by the defendant is: that the round trip to the hospital would be about 70 miles, for which the charge of $7.50 would only be about ten cents a mile; that such a nominal fee would be inadequate to compensate for the operation of its ambulance service; that it was not the principal inducement for rendering it to the plaintiff; and that it therefore should be deemed to have extended a gratuitous humanitarian courtesy in connection with which the plaintiff was a guest rather than a passenger for hire.

In that regard defendant places reliance on such cases as Greenhalgh v. Green [2] and Smith v. Franklin [3] as standing for the proposition as stated in the Franklin case that "* * * the giving of just 'any compensation,' which might be some inconsequential amount of money or other consideration of value, * * * would [not] change the relationship to that of passenger for hire * * * it would have to be sufficient money (or other thing of value) that it reasonably could be supposed that the parties so regarded it" [4] i. e., as payment which was a major factor in inducing the

2. 16 Utah 2d 221, 398 P.2d 691.

3. 14 Utah 2d 16, 376 P.2d 541 (1962).

4. Ibid. at p. 543, Pacific Reporter, p. 19, Utah Reports.

giving of the ride. With respect thereto it is pertinent to make this additional observation: If from the circumstances shown it appears that the transaction was basically a commercial one, the question as to whether a payment made for the ride is adequate or inadequate, or whether the host would make a profit or suffer a loss, would not be of controlling importance.[5]

An examination of the cases above referred to relied on by the plaintiff will show that they are significantly different from this one. They involve social relationships where there was also some money paid in connection with the furnishing and accepting of a ride. Although the facts are different, the principles discussed in those cases, particularly in Smith v. Franklin, are applicable here. There was a family relationship between the two girls who were going from Tooele to Salt Lake on a furnish-the-car and share-the-expense basis. After discussing the fact situation and pointing out that there was a dispute between the parties as to which motive predominated in the transaction, we concluded that the trial court had properly submitted the issue to the jury, stating:

> From our consideration of this subject * * * we are persuaded that the sound and practical view is that the determination should be made on the basis of which was the chief inducement for giving the ride.

Upon the basis of the record thus far developed in this case and the inferences that fairly could be drawn therefrom, it appears to us that reasonable minds may well reach different conclusions on the disputed issue as to whether the payment to be made for the ride, or the giving of the ride as a gratuitous accommodation, was the chief factor in its motivation. The situation thus presented falls within the purpose for which a trial by court or jury was created: the resolving of such disputed issues of fact. It is therefore necessary that this summary judgment be vacated, and that this case be remanded for determination of the issue herein discussed and other issues which have not been reached in the case. It is so ordered. Costs to plaintiff (appellant).

TUCKETT and ELLETT, JJ., concur.

HENRIOD, Justice (dissenting):

I respectfully dissent. The briefs of the parties and the main opinion appear to concede that $7.50 would be the charge for the ride. Under the facts stated in the main opinion, plaintiff's own foreman[1] took the injured plaintiff to the emergency medical station[2] maintained by Kennecott for its

---

5. See cases footnotes 2 and 3 above; and see particularly Jensen v. Mower, 4 Utah 2d 336, 294 P.2d 683.

1. And incidentally his uncle.

2. The argument that plaintiff did not "accept" the ride seems to be without merit

employees. It appears that in isolated instances, some injured persons not employed by that company were allowed to use the facility and the ambulance for a flat $7.50.

It would seem to this writer almost incredible that at present day prices, Kennecott which was not a certificated common carrier for hire, would hold itself out, in violation of public utilities law, as a supplier of the aid given here by its attendant at its station and transport not only him, but the plaintiff and his foreman, in its private ambulance, which was driven by another of its employees, a distance of 70 miles, for $7.50, which would be its *main inducement* for the ride, which would eliminate a guest statute defense.

The main opinion says that Smith v. Franklin [3] and Greenhalgh v. Green [4] differ from the instant case,—that in addition to the money paid in connection with the ride there was *another* consideration involved,—family or social relationship. It would appear that this was the real basis for nonliability. The distinction itself clearly amplifies and makes more compelling the inescapable conclusion that the plaintiff here was a guest in the statutory sense, since there was *no additional family or social consideration here.* Consequent-

ly the money value in the present case would seem to represent a smaller consideration than the combined monetary and social aspects of the cases mentioned.

It is interesting further to note that this court, subsequent to Smith v. Franklin, recognized in Greenhalgh v. Green, where plaintiff, on the facts, was held to be a guest as a matter of law, that although what was said in the Smith case anent the guest statute, that case was "not a precedent for a rule that cases involving the Utah Guest Statute always are to be determined by a jury" and that "This court is well aware that a summary judgment cannot be given if there exists a genuine issue of fact. But no issue of fact exists when patently it is clear that plaintiff was a guest."

This author believes that "patently it is clear that plaintiff was a guest" in the instant case,—more so, if you please, than in Greenhalgh v. Green. I am convinced that the facts here do not come close to demonstrating the *main inducement* this court had in mind in Jensen v. Mower,[5] where the car owner advertised for riders, and in Smith v. Franklin, supra, such as to constitute the plaintiff a paying passenger, where the record reflects nothing about price for the ride being mentioned prior to

since plaintiff's superior, without solicitation, sought out the assistance given. See Favatella v. Poulsen, 17 Utah 2d 24, 403 P.2d 918 (1965).

3. 14 Utah 2d 16, 376 P.2d 541 (1962).

4. 16 Utah 2d 221, 398 P.2d 691 (1965).

5. 4 Utah 2d 336, 294 P.2d 683 (1956).

the trip. It seems obvious to this writer that the inducement for making or allowing the trip in defendant's ambulance was the urgency of immediate medical attention, and an inclination to assist a man in dire need thereof, such as the parabled Samaritan in 10 Luke, 30 et seq. was wont to administer,—not the rather munificent $7.50 tariff, whose minusculity, in my opinion, as a matter of law, obviously pointed up a helping hand situation, not a commercial enterprise, or one primarily designed to obtain money as the main inducement for the assistance willingly given without any condition requiring prepayment. Such conclusion fits quite snugly into the principles enunciated in the cases cited in the main opinion,—the citation of which to support the decision remains a mystery to me.

Probably, not as a legal but as a practical matter,—the most unhappy consequence of the decision here, will be a merited reluctance on the part of business firms that, as a matter of good public relations, ordinarily would come to the aid of an injured person not their own employee, extending an eleemosynary hand to one so in need, lest such gesture gestate into an expensive, litigious multi-birth.

CALLISTER, J., concurs in the dissenting opinion of HENRIOD, J.