**Kay GOFF, Plaintiff and Respondent,**

v.

**Annette Doble GOFF, Defendant and Appellant.**

**No. 13893.**

Supreme Court of Utah.

May 6, 1975.

---

David K. Winder, of Strong & Hanni, Salt Lake City, for defendant-appellant.

Richard Richards, Ogden, for plaintiff-respondent.

TUCKETT, Justice:

The defendant appeals from an adverse judgment, awarding to the plaintiff damages for injuries suffered in an automobile collision. Plaintiff was a passenger in an automobile being driven by the defendant at the time of the collision with another automobile. The sole issue involved in these proceedings both in the trial court and on appeal is the question of whether or not the plaintiff was a guest in the automobile being operated by the defendant as defined by Section 41–9–2, U.C.A.1953.

The automobile involved in the collision was owned by John U. Goff, a son of the plaintiff. Annette Goff was the fiancee of John's brother. The two were married at the time of trial. On the day of the accident Annette and Diane, John's financee, were sales ladies for "Tupperware" and were required to be in Salt Lake City, Utah, to attend the sales meeting. On the evening prior to the meeting Annette had asked John for permission to use his automobile to make the trip to Salt Lake City. The next morning John decided to make the trip also. Upon learning of the impending trip the plaintiff, who had business with the Railroad Retirement Board in Salt Lake City, offered to pay for the gas if he and Sarah, his wife, could ride to Salt Lake City. Plaintiff was unable to operate an automobile. Upon the morning the trip was made John was paid $5, $4 of which he used to buy gas and the remain-ing $1 he retained for his own purposes. After buying the gas, John returned to his parent's home for the purpose of picking up the plaintiff and his wife. While at the home Annette took over the driving responsibilities and they proceeded toward Salt Lake City.

At a point a short distance north of Salt Lake City, Annette was distracted by a scene of a prior accident and collided with the rear of an automobile in the traffic lane ahead. Plaintiff received serious injuries for which he now seeks to recover.

Based upon the above recited facts the trial court found that the plaintiff was not a guest in his son's automobile and awarded judgment in favor of the plaintiff. It is the defendant's contention here that the court should have found as a matter of law that the plaintiff was a guest in his son's automobile.

Facts in this case are distinguishable from the fact situations in the case of Smith v. Franklin[1] and Greenhalgh v. Green.[2] In this case the plaintiff was making the trip to take care of certain business he had with the Railroad Retirement Board and the driver and Diane were going to Salt Lake City for the purpose of attending the sales meeting, and the testimony of the plaintiff is to the fact that he always paid for rides furnished him.

The word "guest" was defined by Section 41–9–2 in the following language:

> For the purpose of this section the term "guest" is hereby defined as being a person who accepts a ride in any vehicle without giving compensation therefor.

The facts in this case support the court's finding that the plaintiff did not accept the ride without compensation.[3]

Judgment of the district court is affirmed. Plaintiff is entitled to costs.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.

1. 14 Utah 2d 16, 376 P.2d 541.

2. 16 Utah 2d 221, 398 P.2d 691.

3. Smith v. Franklin, supra.