Jay A. THOMAS, for himself, and Jessica May Thomas, an infant, through her guardian Jay A. Thomas, Plaintiffs and Appellants,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation, and Carol Payne Hansen, Defendants and Respondents.

No. 14224.

Supreme Court of Utah.

April 6, 1976.

---

3. See *Geary v. Cain*, 69 Utah 340, 235 P. 416; *Gordon v. Provo City*, 15 Utah 2d 287, 391 P.2d 430.

Jackson B. Howard, of Howard, Lewis & Petersen, Provo, for appellant.

Steven A. Goodsell, Salt Lake City, for Union Pacific.

Ray H. Ivie, of Ivie & Young, Provo, for Hansen.

TUCKETT, Justice:

This is a wrongful death action wherein the plaintiffs seek to recover for the deaths of Penna Lee Thomas and Janna Lee Thomas, who were killed in an automobile collision when an automobile in which they were riding ran into the side of a moving train. Decedents were riding in an automobile being operated by the defendant Carol Payne Hansen. The plaintiffs claim that both the Railroad Company and the operator of the automobile were guilty of negligence. The trial court granted the motion of Carol Payne Hansen and entered a summary judgment in her favor on the ground and for the reason that the plaintiffs' claim against the defendant Hansen was barred by the Utah Guest Statute. The plaintiffs are here seeking a reversal.

On March 8, 1972, an automobile being driven by Carol Payne Hansen collided with a Union Pacific train at a grade crossing. Penna Lee Thomas and Janna Lee Thomas, the 22-month-old daughter of Penna Lee and Jay A. Thomas, were passengers in the automobile. Penna Lee Thomas and the infant child were killed in the collision. Penna Lee Thomas and the child Janna Lee Thomas were survived by Jay A. Thomas, and an infant daughter Jessica May Thomas. The trial court found that the conduct of Carol Payne Hansen did not constitute wilful misconduct.

The plaintiffs assert that the Utah State Guest Statute is unconstitutional as being in violation of the equal protection clauses of both the federal and state constitutions. During recent years the guest statutes adopted by a large number of states over the years have been under assault in the courts as well as in the legislatures. The statutes of a number of states have been stricken down by the courts, and several have been repealed by the legislatures. The constitutionality of the act was before this court in the recent case of *Cannon v. Oviatt*,[1] wherein this court upheld the constitutionality of the guest statute. We are now of the opinion that a re-exam-

ination of the act should be left to the legislature.

However, there is another facet of the act which requires our further attention. Section 41–9–1, U.C.A.1953, provides in part as follows:

> Any person who as a guest *accepts a ride* in any vehicle, moving upon any of the public highways of the state of Utah, and while so riding as such guest receives or sustains an injury, shall have no right of recovery against the owner or driver or person responsible for the operation of such vehicle. . . . [Emphasis added.]

From the language of the law it clearly appears that a passenger in order to become a guest must accept a ride in the host's automobile. The act of acceptance requires an act on the part of the guest to either accept the ride or to refuse it. It therefore appears that there becomes an issue of fact as to whether or not the passenger accepted the ride. In this case it goes without saying that the 22-month-old Janna Lee Thomas was of such a tender age that she could not accept a ride and could therefore not become a guest within the meaning of the guest statute as above set forth.

This case is remanded to the court below with directions to reinstate the plaintiffs' case as to the claim for the wrongful death of Janna Lee Thomas. The judgment of the court below is affirmed as to that part of the case dealing with the wrongful death of Penna Lee Thomas. No costs awarded.

HENRIOD, Chief Justice (concurring).

In concurring, I nonetheless wish to say I think the concurring and dissenting opinion indulges an overgeneralization. It forewords its thesis with a declaration that the guest statute portends a "monstrous impudence,"—which historically has not been dubbed so, nor is the commentary any more Solomonic than the assertion that the legislature thereby took away "an existing remedy for an injury."

The thesis of the dissent completely ignores such well established legal principles as defenses against any such injury by assumption of risk,[1] contributory negligence, statutory limitations striking down certain causes of action, governmental immunity cases, those where claims are not timely filed, mutual combat incidents, inability to show a cause under res ipsa loquitur, injuries by acts of God, injuries occurring while trespassing, bumping into each other on main street, self-inflicted wounds, falling off a cliff, injuries even under the comparative negligence statutes where the percentage of negligence lies more heavily against the claimant, —and myriads of other noncompensable injuries.

The unrealistic interpretation of the dissent that the constitution provides compensation for "every injury done to his person" confuses such pronouncement, not only with the above mentioned examples, but the maxim "ubi jus, ibi remedium," that has to do with righting a wrong, which is not defensible, and not with wronging a right with compensability simply because someone may be injured. Otherwise, a homeowner, the State, a mythical oyster or else would have to respond to a burglar, who, on breaking and entering breaks also his fundament.

The conclusion plugged for in the dissent might take most hitchhikers off the highways, but likewise would be a deterrent for those who might be generous enough to want to grant the request for transportation of one suffering a heart attack, of a drowning man seeking succor from a passing boatman or any number of million handicapped persons who may need a lift, and would be a willing erstwhile Good Samaritan, but who would prefer to let the next traveler take over the gamble of tort liability.

---

1. A doctrine quite similar to that reflected in guest statutes.

CROCKETT, Justice (concurring, with comment).

Any change in the guest statute which has been our law since 1935, should be a legislative matter.[1] There is a basis in reason for treating social guests, as a class, different from paying passengers. There are numerous areas in the law where the duty one person owes another depends upon the status between them. This ranges from family relationships, through strangers and outright enemies. One of the obvious examples is the differing degrees of duty owed to a trespasser, a licensee, a social guest, and a business invitee on one's property.[2] There is no unjust discrimination in a statute which makes classifications for a legitimate purpose and all people in the same class are treated equally.[3] This statute represents the judgment of our legislature that it serves a useful purpose in providing for the welfare and preserving the peace and good order of society. I see nothing therein which contravenes any constitutional provision or which exceeds the power of the legislature to enact laws to further that objective.

To be considered in correlation with the above is the universally recognized principle that the judiciary should not reach into the legislative prerogative and strike down a statute if the case can be decided on other grounds.[4] This emanates from the realization that one of the best and most important aspects of our system of government, and which tends to preserve its strength and continuity, is the mutual restraint and respect its three branches: the executive, the legislative and judicial, each has for the prerogatives and integrity of the other.[5]

In the case of *Ashwander v. T. V. A.*[6] in his concurring opinion, Justice Brandeis makes a very good exposition of this doctrine. He points out the reasons for, and a number of means employed by the courts, in support of their reluctance to intrude into the legislative field. In doing so he quoted the eminent authority Cooley, Constitutional Limitations (8th Ed.), p. 332:

It must be evident to anyone that the power to declare a legislative enactment void is one which the judge, conscious of the fallibility of the human judgment, will shrink from exercising in any case where he can conscientiously and with due regard to duty and official oath decline the responsibility.

It is for the foregoing reasons that I concur with the main opinion on the ground stated; and that I register my disagreement with the appellant's contention that the court should declare the guest statute unconstitutional.

ELLETT, J., concurs in the views expressed in the opinion of CROCKETT, J.

MAUGHAN, Justice (concurring and dissenting).

With that part of the main opinion, which permits the action to proceed, I concur. I dissent from that part of the opinion, which fails to strike down the guest statute.

The guest statute was unconstitutional the day it was enacted, it has been since, it is now, and it will continue to be so long as Article 1, Section 11, Constitution of Utah, reads as it does, to wit:

All courts shall be open, and every person, for an injury done to him in his

---

1. That it should be left to the legislature to change the law see *Davis v. Provo City*, 1 Utah 2d 244, 265 P.2d 415.

2. For treatment of such distinctions see Sections 333 to 341, Restatement of Torts 2d.

3. *State v. Mason*, 94 Utah 501, 78 P.2d 920.

4. For a plethora of authorities so stating see 16 Am.Jur.2d 301, 16 C.J.S. Constitutional Law p. 358.

5. That the idea of judicial restraint is not new to this writer see comments in cases some years back, e. g., *Stickle v. Union Pacific R. Co.*, 122 Utah 477, 251 P.2d 867; *Cypert v. Washington County School District*, 24 Utah 2d 419, 473 P.2d 887.

6. 297 U.S. 288, at 345, 56 S.Ct. 466, at 481, 80 L.Ed. 688.

person, property or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party.

The guest statute is blatantly contrary to this provision so much so it is a monstrous impudence.

In 1935,[1] the legislature attempted to take away an existing remedy for injury, leaving nothing in its place. Such, it had no power to do. All prior Utah cases upholding the guest statute should be overruled; and an announcement of the statute's nullity made; before any more damage is done to the hapless citizens of Utah, because of the invidious discrimination visited on unsuspecting citizens by this pretended law.

---

1. Laws of Utah 1935, Chapter 52, Section 1.