Iva CRITCHLEY, Rose Sandstrom and Leora Oldham, Plaintiffs and Appellants,

v.

Elizabeth VANCE, Defendant and Respondent.

No. 15076.

Supreme Court of Utah.

Jan. 27, 1978.

James R. Black and Gregory C. Diamond, of Black & Moore, Salt Lake City, for plaintiffs and appellants.

Raymond M. Berry, of Snow, Christensen & Martineau, Salt Lake City, for defendant and respondent.

ELLETT, Chief Justice:

The plaintiffs, appellants here, and Mrs. Vance, respondent, were close friends. They decided to go to Las Vegas, Nevada, to celebrate their birthdays since all were born in either October or November. It was agreed that Mrs. Vance would furnish the car and the plaintiffs would pay the expenses of gas and oil. These ladies were close friends and had taken prior trips together under similar arrangements. Each of the plaintiffs gave Mrs. Vance ten dollars, and it was understood that other funds

would be forthcoming if the need arose. The distance from Ogden, Utah, the home of Mrs. Vance, to Las Vegas is approximately 475 miles, and the cost of gas and oil would scarcely equal the cost of the wear and tear on the automobile.

When they reached Las Vegas, they shared the cost of a motel room which they all occupied. Some shows were attended, with each person paying for her own admission.

On the way home, Mrs. Vance, the driver of the car, due to some unknown cause, permitted the car to leave the road and turn over, thereby injuring the plaintiffs. Neither gross negligence, willful misconduct, nor intoxication is alleged or claimed to be involved in the cause of the accident; simple negligence only is involved.

The trial court granted the defendant's motion for summary judgment and this appeal followed. All code references are to Utah Code Annotated, 1953.

Section 41–9–1 denies a right of recovery to any guest-passenger riding in a car who is injured as a result of simple negligence on the part of the host. The term "guest" is defined by the statute to be "a person who accepts a ride in any vehicle without giving compensation therefor." (41–9–2).

■ The first claim of appellants is that they were not guests but were paying passengers. There is no merit to this claim. The parties to this action were social friends engaged in an outing for fun and to celebrate their birthdays. Our Court has put the claim to rest in several cases, only one of which needs to be cited. That is *Greenhalgh v. Green.*[1] There, three people planned a deer hunt similar to prior hunts that they had participated in. The defendant there was to furnish the camper and all

were to share the costs. The plaintiff did not assert reckless, wanton conduct or drunkenness on the part of the host driver. He simply claimed he was a passenger for hire. At page 222, 398 P.2d at page 692, this Court said: "It is axiomatic that when a trip is for a social purpose, not conditioned on contribution for the benefit of the carrier, the passengers are guests though they agree to share the costs of the trip or purchase gas, oil or meals on the trip."

■ The appellants also assert that the guest statute is unconstitutional in that it violates the equal protection clause of the federal constitution.[2] The constitutionality of the guest statute was before this Court in the case of *Cannon v. Oviatt*[3] where we held that there was no denial of equal protection of the law.

The same question was raised in the case of *Thomas v. Union Pacific R.R. Co.*[4] Again, we held the statute did not deny the equal protection of the law by preventing a guest from suing the host while permitting a paying passenger to sue and recover for simple negligence. The opinion there stated: "We are now of the opinion that a re-examination of the act should be left to the legislature."

There are some states that have held a guest statute does deny a guest the equal protection of the law; but there seems to be a trend back to the idea that a host ought not to be compelled to exercise more care for his guest than he does for himself. If the guest wishes to have a right that the statute denies to all in his class, he should change his class status and start paying for his ride.[5]

■ The plaintiffs also claim that our comparative negligence law[6] repeals our guest statute by implication. The compara-

---

1. 16 Utah 2d 221, 398 P.2d 691 (1965).

2. As to my opinion about the efficacy of the Fourteenth Amendment, see my comments in *Dyett v. Turner*, 20 Utah 2d 403, 439 P.2d 266 (1968).

3. Utah, 520 P.2d 883 (1974); *cert. denied*, 419 U.S. 810, 95 S.Ct. 24, 42 L.Ed.2d 37 (1974).

4. Utah, 548 P.2d 621 (1976).

5. See *Colorado Springs Amusements Ltd. v. Rizzo*, 524 F.2d 571 (3d Cir. 1975), *cert. denied*, 428 U.S. 913, 96 S.Ct. 3228, 49 L.Ed.2d 1222 (1976); and *Silver v. Silver*, 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929).

6. U.C.A., 1953, 78–27–37.

tive negligence statute provides that damages sustained by a plaintiff against a tortfeasor may be reduced in certain cases by reason of contributory negligence on the part of the plaintiff himself.

Prior to this statute, contributory negligence was a complete defense and that posed no problem in a guest case. We are unable to see why a different problem is created by reason of the fact that the contributory negligence is now only a partial defense. If the guest statute bars a right of recovery by the guest, it would seem that his contributory negligence would be immaterial.

■ They also contend that the "no-fault" statute makes a host liable for simple negligence.[7] That contention is of no validity. While the guest statute prevents a recovery against the host, it makes no exception for a recovery under the contract between the host and his insurance carrier, which contract protects those who ride with the permission of the insured host.

■ There is a wild assertion made by appellants to the effect that they were the "hosts" inasmuch as they paid for the gasoline. Mrs. Vance was the host. It was her car in which the appellants were riding, and, besides, the wear and tear on the car would be more than the thirty dollars they paid in total.

The enactment of a statute such as our guest statute seems to be within the legislative purview in that preventing suits at the instance of a guest would tend to increase the likelihood of an invitation to ride. The statute, therefore, has the effect of encouraging persons driving motor vehicles to carry guest passengers; and this tends to reduce the number of motor vehicles on the highway and to conserve fuel, both of which are matters of legitimate public concern and legislation.

7. U.C.A., 1953, 31–41–2, et seq.

1. See Justice Batjer's concurring opinion in *Laakonen v. Eighth Judicial District Court,*

The judgment of the trial court is affirmed. Costs are awarded to the respondent.

CROCKETT and HALL, JJ., concur.

MAUGHAN, Justice (dissenting).

The reasons for my dissent are found in my dissenting opinion in *Thomas v. Union Pacific Railroad Company*, Utah, 548 P.2d 621, 624 (1976).

WILKINS, Justice (dissenting).

I dissent.

All statutory references are to Utah Code Ann., 1953, as amended, unless otherwise stated.

Chapter 41, Title 31, passed by the Utah Legislature in 1973, is known as the "Utah Automobile No-Fault Insurance Act." It provides on a no-fault basis for payment through insurance or other security of certain benefits to all persons suffering personal injury arising out of automobile accidents "preserving, however, the right of an injured person to pursue the customary tort claims where the most serious types of injury occur." Sec. 31–41–2.

This latter statute makes no exception for guests. On the contrary, it includes them. Therefore, Utah's Guest Statute, Sec. 41–9–1 is, I believe, impliedly repealed by the no-fault legislation.

But, even, arguendo, if implied repeal of the guest statute has not occurred by enactment of Chapter 41, Title 31, a residuum of constitutionally impermissible discrimination remains against those automobile guests who receive "the most serious types of injury."[1] I believe this unreasonable classification within a class, i. e. the class of *guests*, is repugnant to Art. I, Sec. 2, Constitution of Utah. Also, it appears to me that singular irony obtains when a legal system permits less injured guests to recover though there is no negligence while the seriously injured guest cannot recover when there is negligence.

Nev., 538 P.2d 574, 579–80 (1975) and cases cited therein.